SUPREME COURT. Oswego General Term, April 1854. *Hubbard, Pratt* and *Bacon,* Justices.

ADAM DENNIS pl'ff in error *vs.* THE PEOPLE def'ts in error.

On the trial of an indictment for forgery, alleged in the first count to have been committed by the defendant, by having in his possession a forged bank note, purporting to have been issued by a certain banking association. with intent to utter the same, and in the second count, with uttering and publishing such note, it is competent to prove by parol that there is such an institution in existence doing business in this state, without introducing in evidence the articles of association under which such bank was organized.

This was a certiorari to the Oyer and Terminer of the county of Onondaga. The plaintiff in error was indicted in that court for forgery. By the first count in the indictment, it was presented " that Adam Dennis, late of the city of Syracuse, in the county of Onondaga aforesaid, on or about the fifteenth day of November, in the year of our Lord one thousand eight hundred and fifty-three, with force and arms, at the city of Syracuse, in the county of Onondaga aforesaid, feloniously had in his custody and possession, and did receive from some person or persons to the jurors aforesaid unknown, a certain forged and counterfeit negotiable promissory note for the payment of money, commonly called a bank note, purporting to have been issued by a certain association or company called the Bank of Lowville, duly authorized for that purpose by the laws of the state of New York, which said last mentioned false forged and counterfeited negotiable promissory note for the payment of money is as follows, that is to say." (Here followed a description of a two dollar bank note on the Bank of Lowville.) "With intention to utter and pass the same as true, and to permit, cause and procure the same to be so uttered and passed, with the intent to injure and defraud the Bank of Lowville and divers other persons to the jurors aforesaid unknown, he the said Adam Dennis then and there well knowing the said last mentioned false, forged, and counterfeited promissory note for the payment of money to be false, forged and counterfeited as

aforesaid, against the form of the statute in such case made and provided, and against the peace of the people of the state of New York and their dignity."

The second count was as follows, " and the jurors aforesaid, upon their oaths aforesaid, do further present, that the said Adam Dennis afterwards, to wit: on the day and year last aforesaid, with force and arms at the city and county aforesaid, feloniously and falsely did utter and publish as true, with intent to injure and defraud the said the Bank of Lowville, and divers other persons to the jurors aforesaid unknown, a certain other false, forged, and counterfeited negotiable promissory note for payment of money, commonly called a bank note, purporting to have been issued by a certain corporation or company, called the Bank of Lowville, duly authorized for that purpose by the laws of the state of New York, which said last mentioned false, forged, and negotiable promissory note, for the payment of money is as follows, that is to say: (Here followed a description of a two dollar bank note on the Bank of Lowville.) The said Adam Dennis, at the said time he so uttered and published the said last mentioned false, forged and counterfeited negotiable promissory note for the payment of money, as aforesaid, then and there well knowing the same to be false, forged, and counterfeited, against the form of the statute in such case made and provided, and against the peace of the people of the state of New York, and their dignity."

The plaintiff in error pleaded not guilty. On the trial of the cause, E. B. Wicks, a witness sworn for the prosecution, was asked the following question: " Is there such an institution doing business in the state of New York as a banking institution as " The Bank of Lowville." This question was objected to by the prisoner's counsel on the ground that parol proo^ could not be given of that fact, and that the prosecution should produce the articles of association of the institution for that purpose. The court overruled the objection and the prisoner's counsel excepted.

The witness testified that there was an institution doing business as a banking institution at Lowville, in Lewis county,

that he had been in their banking house, and done business with them, &c. The jury found the defendant guilty, whereupon the cause was brought before this court.

*J. R. Anderson*, for the plaintiff in error. The objection taken to the evidence offered and received was well taken and should have prevailed. (*Barb. Cr. Law*, 293; 6 *Johns.* 19; 12 *id.* 221; 25 *Wend.* 472; 8 *John.* 378; 14 *id.* 416; 1 *Wend* 555; 3 *id.* 296; 4 *Denio*, 392; 7 *Wend.* 539; 15 *Wend.* 314; 2 *Russ. on Cr.* 354; *Russ. and Ryan*, 291.)

*Chs. Andrews*, for the people. The question to the witness was proper. The objection was put on the ground that the act of incorporation must be produced, and that parol evidence of that fact could not be received. The production of the act of incorporation would not affect the question, as it would still remain to be proved by parol that they were *doing business* as a bank.

*By the Court*, BACON, J. — The plaintiff in error was indicted at the Onondaga Oyer and Terminer, in February, 1853, for the crime of forgery. The first count of the indictment charged the prisoner with having in his custody and possession a certain forged and counterfeit negotiable promissory note for the payment of money, commonly called a bank note, purporting to have been issued by a certain association or company called the Bank of Lowville, duly authorized for that purpose by the laws of the state of New York. The note was then set forth and the prisoner was charged with having said note " with the intention to utter and pass the same as true, and to procure the same to be uttered and passed with the intent to injure and defraud the Bank of Lowville, and divers other persons to the jury unknown, he well knowing the same to be false, forged, &c."

The second count charged him with uttering and publishing the note as true.

The indictment was framed under the 36*th section* of the 3*d*

*title, part 4 of the Revised Statutes* in relation to the crime of forgery. (2 *R. S.* 674.) On the trial a witness was asked the following question, "Is there such an institution doing business in the state of New York as a banking institution, as the Bank of Lowville." This question was objected to by the prisoner's counsel, on the ground that parol proof could not be given of that fact, and that the prosecution should produce the articles of association of the institution for that purpose. The court overruled the objection, and the prisoner's counsel excepted. The witness answered that there was such an institution doing business at Lowville, Lewis County; that he had been in the banking house and done business with them. The jury found the defendant guilty.

On the argument the counsel for the prisoner insisted that under the plea of not guilty to an indictment of this description, the prosecution were bound to prove as much as would be required in an action at law under a plea of *nul tiel corporation.* No authority was cited for the proposition, nor can I find any adjudged case in which this doctrine is held, and it is safe to conclude that no such strictness is required.

In the case of *The People* v. *Davis,* (21 *Wend.* 309,) the indictment was in the same form with the one in the case at bar, charging the prisoner with having in his possession with intent to utter, a note purporting to have been issued by the Morris Canal and Banking Company, duly authorized for that purpose by the laws of the state of New Jersey. On the trial, the counsel for the prisoner requested the Recorder to charge that the averment that the company was duly authorized by the laws of New Jersey must be proved by legal evidence of the act of incorporation, and such proof not having been given, the prisoner was entitled to an acquittal. The Recorder declined so to charge, but instructed the jury that it was enough that proof should be given to satisfy them of the existence of such an institution. On writ of error, the Supreme Court held the ruling to be correct, Nelson, Ch. J., saying that even " construing the phrase *purporting to be issued by a bank lawfully authorized for that purpose* in its strictest sense, still the *kind or degree of*

Dennis *v.* The People.

*proof* is not prescribed, and the fact is left to be proved in the ordinary way, under which as heretofore practiced in like cases, the best evidence that might be furnished is not required." The conviction in that case was held to be right, and the principle established seems to me clearly to authorize the proof given, and the conviction which followed in the present case.

The case of *People* v. *Peabody,* (25 *Wend.* 472,) was cited by the counsel for the prisoner as an authority which held that the existence of the bank could only be proved by the introduction of a certified copy of the articles of the association, and that such are the only competent proof. It is true that in that case such proof was given, but it is to be noted that in that case the Bank of Warsaw had never commenced operation, nor issued any bills. In this case the question was whether there was such an institution *doing business* as the Bank of Lowville and that fact it was competent to prove in the manner and by the proof given in this case. It is not said in *The People* v. *Peabody* that the production of the articles is the *only* competent proof in all cases where the existence of a banking institution doing business is in question, and the principle of *The People* v. *Davis* is expressly recognized and reaffirmed. We do not see that any error was committed by the Oyer and Terminer in this case, and the proceedings are remitted to that court with directions to proceed, and render judgment.

Proceedings affirmed.