## Case No. 16,835.

### In re VAN CAMPEN.

[2 Ben. 419; [1] 1 Am. Law T. Rep. U. S. Cts. 67; 1 Thomp. Nat. Bank Cas. 185.]

District Court, S. D. New York. May, 1868.

HABEAS CORPUS AND CERTIORARI—BANKING ACT — EMBEZZLEMENT — MAKING FALSE ENTRIES—EVIDENCE.

1. Where a party was charged, before a United States commissioner, with embezzlement of the funds of a national bank, and with having made false entries in its books. and, an examination having been had, was held for trial, and the proceedings were brought before the court for review, by habeas corpus and certiorari: *Held*, that the court, on such review, will examine the evidence before the commissioner, and will do what he ought to have done.

[Cited in U. S. v. Brawner, 7 Fed. 87.]

2. Evidence showing probable cause to believe that the accused is guilty, is sufficient to warrant his being committed for trial.

3. Evidence of the actual existence of a certain national bank, and of acts done by the accused as president thereof, is sufficient evidence, on such an examination. of the legal incorporation of the bank, and of the connection of the accused with it.

4. The making of false entries by a clerk in the bank, by direction of the accused, constitutes the accused a principal in the offence of making false entries.

[Cited in U. S. v. Fish, 24 Fed. 594.]

5. An intent to defraud the bank is to be inferred from the fact of embezzlement.

6. Where the president of a national bank, charged, as trustee. with the administration of the funds of the bank in his hands, converts them to his own use. he embezzles and abstracts them, within the fifty-fifth section of the act of June 3, 1864 (13 Stat. 116), and the acts amendatory thereof, unless he shows authority for so doing.

[This was an application by Samuel R. Van Campen for a writ of habeas corpus.]

B. K. Phelps, Asst. U. S. Dist. Atty.

C. A. Seward and J. L. Ward, for prisoner.

BLATCHFORD, District Judge. The prisoner was arrested in this district, on a war-

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

rant issued by the marshal of this district, on the 30th of April, 1868, by Commissioner Betts, a commissioner of the circuit court for this district, on a complaint made on oath before him, charging the prisoner with having, at Elmira, in the Northern district of New York, at various times specified in the warrant, during the year 1867, and while president of the First National Bank of Elmira, "an association and body corporate, created and organized under and by virtue of the act of congress, entitled 'An act to provide a national currency, secured by a pledge of United States stocks, and to provide for the circulation and redemption thereof,' approved February 25th, 1863, and the acts amendatory thereof," embezzled, abstracted, and willfully misapplied moneys, funds. and credits of the association, to the amount of $36,000, the property of the association, and a certain draft for $7,000, the property of the association, and, with intent to defraud the association, and to deceive the officers and agents appointed to examine its affairs, and especially the bank examiner of the United States, made divers false entries in the books of the association, and in its reports and statements, which false entries are set forth particularly in the complaint. The prisoner was brought before the commissioner, and an examination of witnesses on the part of the United States, in support of the charge, took place on the 8th and 11th of May. The prisoner appeared by counsel, who cross-examined the witnesses on the part of the United States; but no witnesses were examined, or testimony put in, on the part of the prisoner. On the 12th of May, after the case had been summed up before the commissioner, by the counsel on both sides, he committed the prisoner to the custody of the marshal for this district, for trial in the Northern district of New York. At this stage of the proceedings, a petition was presented to this court by the prisoner, praying for a writ of habeas corpus to the marshal, and a writ of certiorari to the commissioner, in order that a review might be had, by this court, of the ground on which the prisoner was committed. The writs were issued on the 12th of May, and under them the prisoner has been brought before this court, and the proceedings and evidence before the commissioner have been returned to this court, and the case has been fully argued on an application by the prisoner to be discharged from custody.

The particular offences in regard to which testimony was taken before the commissioner, are made such by the fifty-fifth section of the act of June 3, 1864 (13 Stat. 116). That section provides, that "every president, director, cashier, teller, clerk, or agent of any association, who shall embezzle, abstract, or willfully misapply any of the moneys, funds, or credits of the association, * * * or shall make any false entry in any book, report, or statement of the association, with intent, in either case, to injure or defraud the association, or any other company, body politic or corporate, or any individual person, or to deceive any officer of the association, or any agent appointed to examine the affairs of any such association, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by imprisonment, not less than five, nor more than ten years."

It is settled, by authoritative decisions, that this court, in reviewing, on habeas corpus and certiorari, the action of a committing magistrate, who acts under the laws of the United States, will examine the evidence on which the commitment was grounded, and will do that which the magistrate ought to have done. Ex parte Bollman, 4 Cranch [8 U. S.] 75, 114; In re Martin [Case No. 9,151].

I have examined the testimony put in before the commissioner in this case, and am entirely satisfied that there is sufficient evidence to hold the prisoner for trial, as having been guilty of embezzlement, and of making false entries, within the provisions of the statute cited. In Ex parte Bollman, 4 Cranch [8 U. S.] 75, 125, Chief Justice Marshall says, that the inquiry, in a case like this, being one which, without deciding upon guilt, precedes the institution of a prosecution, the question to be determined is, whether the accused shall be discharged or held to trial; and, in that case, as well as in the case of Burr's Trial [Case No. 14,693], he cites, with approbation, the remark of Blackstone, that if, upon such an inquiry, it manifestly appears that no such crime has been committed, or that the suspicion entertained of the prisoner was wholly groundless, in such cases only is it lawful totally to discharge him; otherwise, he must either be committed to prison, or give bail. Chief Justice Marshall adds [Case No. 14,692a], that the foundation of the proceeding must be a probable cause to believe there is guilt, and that this probable cause can only be done away in the manner stated by Blackstone. This probable cause (Ex parte Bollman, 4 Cranch [8 U. S.] 75, 130) must be proved by testimony in itself legal, and which, though, from the nature of the case, it must be ex parte, ought, in most other respects, to be such as a court and jury might hear. In this case, there is probable cause shown, on legal testimony, to believe the prisoner guilty of embezzlement, and of making false entries, within the statute, and this probable cause has not been done away with in any manner.

It is objected that no evidence was given, before the commissioner, of the existence of the bank, or of the prisoner's official connection therewith. The record does not show that any such objection was taken before the commissioner. If it had been, the presumption, from the evidence, is, that the defect could have been supplied by proper official papers. The evidence against the prisoner is of such a character, that, even if this objection could prevail, I should not be at liberty to discharge the prisoner, but would

be obliged to hold him, to give an opportunity to the prosecution to supply the proof wanting. But I think there is sufficient prima facie proof on both points. Two witnesses testified, without objection from the prisoner, to the existence de facto of an institution called the First National Bank of Elmira, and to the fact that the prisoner acted as president of it until October, 1867, when he resigned. There is also a great deal of testimony as to acts done by the prisoner as president, and directions given by him in that capacity. This is enough on an inquiry of this nature. It is sufficient, not only on the charge of embezzlement, but also on the charge of making false entries. with intent to defraud the bank. People v. Caryl, 12 Wend. 547; People v. Davis, 21 Wend. 309, 313; People v. Peabody, 25 Wend. 472; Johnson v. People, 4 Denio, 364, 368; Dennis v. People, 1 Parker, Cr. R. 469; People v. Chadwick, 2 Parker, Cr. R. 163.

In regard to the charge of making false entries, it is objected, that the prisoner did not personally make the false entries, but that they were made by a clerk in the bank, by the direction of the prisoner. This is sufficient to make the prisoner a principal in the offence, and to constitute a making of the entries by him. U. S. v. Wilson [Case No. 16,730].

An intent to defraud the bank is to be inferred from the fact of the embezzlement, and an intent to deceive its officers from the circumstances in evidence attending the false entries.

The indebtedness of the prisoner to the bank is claimed to be merely an overdraft, and not criminal. This is not so. Where a president of a bank, charged, as a trustee, with the administration of the funds of the bank in his hands, converts them to his own use, he embezzles and abstracts them, within the statute referred to, unless he shows authority for so doing. There is sufficient evidence that the prisoner, while acting as president of the bank, converted to his own use over $30,000 of the moneys of the bank, and he shows no warrant for so doing.

The writ of habeas corpus is discharged, and a warrant will issue to the marshal, under section thirty-three of the act of September 24, 1789 (1 Stat. 91), for the removal of the prisoner to the Northern district of New York.