RUMELY *v.* McCARTHY, UNITED STATES MARSHAL FOR THE SOUTHERN DISTRICT OF NEW YORK, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 874.  Submitted April 16, 1919.—Decided June 2, 1919.

Under an indictment charging violations of the Trading with the Enemy Act of October 6, 1917, c. 106, 40 Stat. 411, in failing to report enemy property and credits, the contention, raised before a commissioner in removal proceedings and based on the allegations and defendant's uncontradicted evidence, that the report, if required, would show defendant guilty, under the same act, of trading with the enemy, and thus compel him to be a witness against himself, contrary to the Fifth Amendment, is matter for defense at the trial and does not go to the issue of probable cause. P. 287.

A finding of fact made by a commissioner in removal proceedings and supported by competent evidence is not reviewable in *habeas corpus.* P. 289.

The duty, imposed by the Trading with the Enemy Act, § 7a, to make report of enemy property and credits to the Alien Property Custodian, involves the duty to make it at his office, and a wilful failure so to make it is an offense, committed in the district where the office is established. *Id.*

Where defendant was indicted in the Southern District of New York
for a conspiracy to omit making such a report and for perjury in
verifying a false one, *held*, that it was discretionary with the court
of that district, without requiring a statement of reasons from the
Government, to order his removal under a later indictment charging
failure to make the report in the District of Columbia, and that the
discretion was not reviewable by this court in *habeas corpus*. P. 289.
256 Fed. Rep. 565, affirmed.

THE case is stated in the opinion.

*Mr. Stephen C. Baldwin* for appellant. *Mr. Frederick
J. Powell* and *Mr. John M. Lowrie* were on the brief.

*Mr. Assistant Attorney General Brown* for appellees.

MR. JUSTICE PITNEY delivered the opinion of the court.

This is an appeal from a final order of the District
Court for the Southern District of New York dismissing
writs of habeas corpus and certiorari sued out by appel-
lant to determine the legality of his detention under a
commitment issued by appellee Hitchcock, as United
States Commissioner, to hold appellant in the custody
of the United States Marshal pending the issuance of a
warrant for his removal to the District of Columbia to
answer an indictment returned against him by the grand
jury of that District for an alleged violation of the Act
of Congress of October 6, 1917, c. 106, 40 Stat. 411,
known as the Trading with the Enemy Act.

This indictment, described as the "Washington in-
dictment," contains two counts, each of which recites
the existence, at the time of the offense charged, of a
state of war between the United States and the Imperial
German Government, and sets out that the Act of Octo-
ber 6, 1917, was in force, and that the Alien Property
Custodian, an officer of the United States appointed

under authority of that act, had his office for the trans-
action of official business in the District of Columbia and
at no other place.  In the first count it is recited that the
statute made it the duty of any person in the United
States having custody or control of any property of or
on behalf of an enemy of the United States to report the
fact to the Alien Property Custodian within a period
said to have expired December 20, 1917; and it is alleged
that on October 6, 1917, and on each day thereafter
down to and including the date of the indictment (De-
cember 2, 1918) appellant had the custody and control
of certain property in the United States, that is to say,
certain capital stock of the S. S. McClure Newspaper
Corporation, a corporation of the State of New York,
which, as appellant knew, belonged to the Imperial
German Government; and that appellant "at the Dis-
trict of Columbia, and within the jurisdiction of this
court" willfully failed, neglected, and omitted to report
that fact to the Alien Property Custodian within the
period prescribed by law and continuously down to and
including the date of the indictment.  The second count,
in addition to the matter already stated, recites the pro-
vision of the act which made it the duty of any person
in the United States indebted to an enemy of the United
States to report the fact to the Custodian within a period
prescribed; and avers that on October 6, 1917, and on
each day thereafter down to, etc., appellant, then being
within the United States, was indebted in the sum of
$1,451,700 to the Imperial German Government, as he
well knew, and being so indebted "at the District of
Columbia, and within the jurisdiction of this court"
willfully failed, neglected and omitted to report the fact
of such indebtedness to the Custodian.

Previous to the Washington indictment two indict-
ments had been returned by the United States grand
jury for the Southern District of New York, upon which

appellant was on bail awaiting trial. These were found August 2, 1918; one of them being against appellant alone and charging perjury in a report made by him December 4, 1917, to the Alien Property Custodian, in that, being required to state the property held by him for alien enemies and indebtedness owed by him to alien enemies, he swore that the only item in this category was a note for $100,000 made by him and payable to one Herman Sielcken, whereas it was alleged he was not indebted to Sielcken but was indebted to the Imperial German Government in the sum of $1,301,700, and held and had control of certain property belonging to that government, consisting of shares of the capital stock of the S. S. McClure Newspaper Corporation, a corporation of the State of New York, which facts appellant did not report to the Custodian. In the other New York indictment appellant and one Kaufmann were indicted for a conspiracy to omit to report to the Custodian the fact that appellant had in his custody and control certain property consisting of shares of the capital stock of the S. S. McClure Newspaper Corporation for and in behalf of the Imperial German Government, and that appellant was indebted to the said government in the sum of $1,431,700.

At the hearings before the Commissioner appellant admitted his identity and offered no evidence to meet the *prima facie* case made by producing an exemplified copy of the Washington indictment. On the other hand it was and is admitted in behalf of the Government that the New York indictments relate to the same transactions as the Washington indictment, and that they were pending in the Southern District of New York at the time the Washington indictment was found. To meet objections raised upon the hearing of the habeas corpus, the District Court embodied in the final order dismissing the writ clauses to the following effect:

(a) One giving the consent of that court to the removal of defendant to the District of Columbia notwithstanding the pendency of the indictments in the New York District;

(b) One directing a stay of removal pending appeal to this court;

(c) And one directing that, within thirty days after appellant had pleaded to the Washington indictment, the United States Attorney either for the Southern District of New York or for the District of Columbia should give him at least two weeks' notice as to which indictment it was intended to move first for trial.

Appellant's first point is that in a legal sense there was no probable cause to believe that he had been guilty of the offense charged in the Washington indictment because he could not be required to make a report to the Alien Property Custodian of the facts alleged in that indictment, since this would compel him in a criminal case to be a witness against himself, contrary to the provision of the Fifth Amendment to the Constitution of the United States in that behalf. As a basis for this contention appellant relies upon the uncontroverted averment in the first count of the Washington indictment that he held stock in the McClure Corporation for and on behalf of the German Government and did not report that fact to the Alien Property Custodian; adds to this the fact, said to have been established by his own evidence introduced before the Commissioner and not controverted by the Government, that during a considerable period he had traded for the benefit of and with the McClure Corporation, so that (it is said) he was guilty of trading with the enemy contrary to § 3 of the act; from which it is deduced that if, as required by § 7a of the act, he had reported to the Alien Property Custodian that he held the McClure Corporation stock for the German Government, as the first count of the Washington indictment alleges he was obliged to do, this disclosure would have tended to show that he

was guilty under § 3 of the act of trading without a license, because it would have furnished an essential link in the chain of evidence necessary to convict him of that offense.

It is at least questionable whether the point, assuming it to have merit, would have any application to the second count of the Washington indictment, which relates not to ownership of stock in the McClure Corporation, but to an indebtedness owing by appellant to the German Government and not reported.

And it is further doubtful whether there is foundation for the contention as applied to the first count, since appellant predicates his trading with the enemy solely upon the fact of his trading with the McClure Corporation, a New York corporation, whereas by § 2 of the act the definition of "enemy," for the purposes of the statute, is to include merely "any corporation incorporated within such territory of any nation with which the United States is at war or *incorporated within any country other than the United States* and doing business within such territory."

But consideration of these questions, or of any question raised under the Fifth Amendment, would be premature in this proceeding, since it is entirely plain that they do not go to show a "want of probable cause" within the meaning of the rule that is invoked. The accusatory averments of the indictment, admitted for the purposes of this proceeding to be true, make out a *prima facie* case of an offense against the laws of the United States indictable in the District of Columbia. *Hyde* v. *Shine*, 199 U. S. 62, 84; *Haas* v. *Henkel*, 216 U. S. 462, 481. Appellant's constitutional point merely raises a probability that a defense will be interposed, and that thus a controversy will arise, the determination of which is within the proper jurisdiction of the court in which the indictment was found. This furnishes no legal obstacle to the removal of the accused to that jurisdiction; nor may the writ of habeas cor-

pus be employed as an anticipatory writ of error. *Henry v. Henkel,* 235 U. S. 219, 229.

It is contended, indeed, that there was no probable cause to believe that the offense charged in the Washington indictment was committed within the District of Columbia; and this upon the ground that appellant was not personally present in the District at the time of the alleged offense, and that he was under no duty to make report there to the Alien Property Custodian. The Commissioner, however, found as a matter of fact that the Custodian's office was in the District of Columbia, and as the finding was supported by competent evidence the District Court properly held that it was not reviewable on writ of habeas corpus. That being so, the duty imposed by the statute to make report to the Alien Property Custodian involved the duty to make such report in the District of Columbia, and failure to make it was an offense against the United States committed in that District. *United States* v. *Lombardo,* 241 U. S. 73, 76; *New York Central &c. R. R. Co.* v. *United States,* 166 Fed. Rep. 267, 269.

It is contended that the removal of appellant to the District of Columbia amounts to an invasion of his constitutional right to a speedy trial on the New York indictments, and that the consent of the District Court for the Southern District of New York to such removal ought not to have been given without requiring from the representative of the Government a statement of reasons. These points raise no more than questions of discretion, the determination of which is not for our review.

*Final order affirmed.*

The Chief Justice dissents.