## UNITED STATES ex rel. RIPSTEIN v. POWER, U. S. Marshal.

(Circuit Court of Appeals, Second Circuit.   February 6, 1922.)

### No. 197.

1. **Criminal law ⟨⟩242(8)—Resistance to habeas corpus held equivalent to application to judge for warrant for removal to another district.**

Where the United States commissioner had committed accused for trial under an indictment found in another district, and accused immediately thereafter applied for writ of habeas corpus, a resistance to the discharge may be considered equivalent to a motion for a warrant for the removal of accused to the other district, which the District Judge alone was authorized to issue, under Rev. St. § 1014 (Comp. St. § 1674).

2. **Habeas corpus ⟨⟩92(1)—Finding of fact by commissioner, supported by "competent evidence," is not reviewable.**

A finding of fact made by a commissioner in removal proceedings, if supported by competent evidence is not reviewable in habeas corpus, and "competent" does not mean enough evidence to prove a point beyond a reasonable doubt, since probable cause is enough to justify commitment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Competent Evidence.]

3. **Habeas corpus ⟨⟩4—Cannot be used for purpose of writ of error.**

The writ of habeas corpus cannot be used for purposes of proceedings in error.

4. **Habeas corpus ⟨⟩85(1)—Evidence and indictment held to sustain finding of probable cause by commissioner.**

Evidence in habeas corpus proceedings that defendant, though he denied that he had been in the district in which the indictment was filed, had disposed of a large quantity of platinum embezzled in that district from the government, and had stated to the witness that he was going into that district to procure more platinum, and had actually gone to the train, *held* sufficient, in connection with the prima facie case made by the indictment, to sustain the commitment by the commissioner.

Appeal from the District Court of the United States for the Eastern District of New York.

Habeas corpus by the United States, on relation of Meyer Ripstein, against James M. Power, as United States Marshal. From an order directing the discharge of relator, respondent appeals. Reversed and remanded, with directions to discharge the writ.

At the term of March, 1921, Ripstein and one Flo (Florence) Weiler were indicted in the District Court for the Middle District of Tennessee, for receiving, etc., certain property of the United States, to wit, platinum, valued at $60,000, which the accused knew to have been theretofore feloniously embezzled from the United States by one Crone. On April 19, 1921, a warrant was issued by a United States commissioner in the Eastern district of New York, under which Ripstein was arrested and a hearing had pursuant to Rev. Stat. § 1014 (Comp. St. § 1674).

Evidence was taken before the commissioner, who held Ripstein for removal to Tennessee. Thereupon the District Judge granted a habeas corpus and certiorari. The marshal returned, in substance, that Ripstein was in his custody pursuant to the commissioner's commitment, and "for removal as provided by the statute." Under the certiorari all the testimony taken before the commissioner was produced.

No further evidence was taken at hearing on habeas corpus. After consideration of the evidence before the commissioner, the District Judge directed

the discharge of Ripstein, but stayed compliance with the order until this appeal could be heard.

Wallace E. J. Collins, U. S. Atty., of Jamaica, N. Y. (Henry J. Walsh, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellant.

Peter A. McCabe, of Brooklyn, N. Y., for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] Under Rev. Stat. § 1014, a United States commissioner is one of many officials who may cause one duly accused of a crime against the United States to be "arrested and imprisoned or bailed as the case may be for trial before such court of the United States as by law has cognizance of the offense." This procedure antedates the Revised Statutes (see Act Aug. 23, 1842, 5 Stat. 516); but the revision contains the following additional words:

"And where any offender * * * is committed in any district other than that where the offense is to be tried, it shall be the duty of the judge of the district where such offender * * * is imprisoned seasonably to issue, and of the marshal to execute, a warrant for his removal to the district where the trial is to be had."

The practice pursued has been customary in this circuit at least as long as since In re Martin, 5 Blatchf. 303, Fed. Cas. No. 9151, and In re Van Campen, 2 Ben. 419, Fed. Cas. No. 16835, the latest of which decisions was rendered in 1868.

So far as this record shows, Ripstein sued out his habeas corpus as soon as he had been committed by the commissioner; it does not appear that the United States moved for that warrant of removal, which can be granted only by the District Judge. But we assume, as part of the course of practice, that resistance to the prisoner's application for discharge on habeas corpus is equivalent to moving for a warrant. For a modern instance of the practice, see Rumely v. McCarthy (D. C.) 256 Fed. 565, and for a motion for warrant and habeas heard simultaneously, United States v. Rogers (D. C.) 23 Fed. 658.

The Rumely Case, supra, was affirmed in 250 U. S. 283, 39 Sup. Ct. 483, 63 L. Ed. 983. So late an utterance of the highest court dispenses with much discussion; but it should be noted that that decision requires a very narrow reading of some rulings to the effect that the court on habeas corpus will do "what the committing magistrate ought to have done"; e. g., In re Van Campen, supra; and see Greene v. Henkel, 183 U. S. 249, 22 Sup. Ct. 218, 46 L. Ed. 177, for a ruling that "whether on the merits" even the judge should have granted the warrant is a question not reviewable by habeas corpus.

[2] In that case (Rumely) it was flatly held that "a finding of fact made by a commissioner in removal proceedings and supported by competent evidence is not reviewable in habeas corpus." 250 U. S. 289, 39 Sup. Ct. 486, 63 L. Ed. 983. The underlying thought is a recognition of the plain truth that the commissioner and not the court is usually the committing magistrate, and that in him therefore is vested the power of ascertaining the facts, provided that there is competent evi-

dence concerning those facts; and "competent" does not mean enough evidence to prove a point beyond a reasonable doubt; probable cause is enough to justify commitment.

[3] Again the Rumely decision is a reaffirmance of another rule which seems to require frequent restatement, viz. that "the writ of habeas corpus cannot be used for purposes of proceedings in error; the jurisdiction under the writ is confined to determining from the record whether the petitioner is deprived of his liberty without authority of law." Harlan v. McGourin, 218 U. S. 442, 31 Sup. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849. And it has very recently been pointed out in the highest court of this state that "the inquiry upon that writ is to be confined to the single point of jurisdiction. Habeas corpus only tests the mandate under which the prisoner is held; it is not a substitute for a trial to determine innocence or guilt." People v. Atwell (Nov. 22, 1921) 232 N. Y. 96, 133 N. E. 364.

[4] It follows that the only question for the District Court, or for this court, is whether any competent evidence was given, enabling the commissioner to find probable cause to believe that Ripstein had done what he denied. The accusatory averments of the indictment confessedly made out a prima facie case, and no attack has been made upon the sufficiency of that document. The sole denial made before the commissioner was that, whereas, the indictment charged a crime committed in Tennessee, Ripstein had, during his whole life, never been in Tennessee.

On this question there was positive evidence that Ripstein and the woman Weiler had, while in Brooklyn, N. Y., handled, or assisted in the disposition or secretion of, the fruits of earlier embezzlements by Crone, and that on a day certain Ripstein and the woman announced to the witness their intention of going to Tennessee in order to get more platinum, and for such announced purpose went together to the railway station to begin their journey. It is not even argued that this testimony was not competent. It undoubtedly came from a very tainted source, being that of a some time accomplice and actual convict; but, if believed as even probably true, it was sufficient (plus the indictment) to require the relator to face a petit jury in Tennessee.

Thus the question presented by this habeas corpus was not one of jurisdiction, nor one of authority; it was no more than one of the sufficiency of certain competent evidence, which was heard and weighed by the official whose lawful duty it was to ascertain the facts. This is a plain case of using habeas corpus as a means of reviewing the weight of evidence. The writ has no such function.

The order appealed from is reversed, and cause remanded, with directions to discharge the writ.