## BARTLETTA v. MULHERON, U. S. Marshal, et al.

(District Court, D. New Jersey. September 8, 1925.)

Criminal law ⬅➡242(7)—Evidence held insufficient to hold accused to answer in other district for conspiracy to violate Prohibition Act.

Evidence at preliminary hearing of accused under indictment by grand jury of another district for conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), tending to show merely that accused had an interest in some whisky seized, and that he purchased liquor involved in the instant indictment only after completion of transportation and end of conspiracy, *held* insufficient to show probable cause for holding accused to answer in that district.

On petition by Frank Bartletta for writ to be directed to James H. Mulheron, United States Marshal for the District of New Jersey, and another, and a writ of certiorari in aid thereof. Petitioner discharged.

Thomas G. Haight, of Jersey City, N. J., and A. P. La Porta, of Hoboken, N. J., for petitioner.

Charles E. Donnelly, Asst. U. S. Atty., of Savannah, Ga., Richard C. Plumer, Asst. U. S. Atty., of Newark, N. J., and Phillip Forman, Asst. U. S. Atty., of Trenton, N. J., for respondents.

RUNYON, District Judge. The defendant herein was arrested by virtue of an indictment returned by the federal grand jury of the Southern district of Georgia, taken before the United States commissioner in Hoboken, where a preliminary hearing was had, and held under bail to appear before this court on an application for his removal to the Southern Georgia district. Subsequently the defendant was surrendered by his bail, in order that a writ of habeas corpus might be sought, and it is in pursuance of the issuance of such writ that the defendant has appeared before this court asking that he be discharged. A writ of certiorari having also been allowed, advantage is had of all the records in the case.

In a proceeding of this sort, I am quite sensible of the limitations imposed on me, as they find expression in the case of U. S. v. Power (C. C. A.) 279 F. 735, where the court says in part: "A finding of fact made by a commissioner in removal proceedings, if supported by competent evidence, is not reviewable in habeas corpus, and 'competent' does not mean enough evidence to prove a point beyond a reasonable doubt, since probable cause is enough to justify commit-

ment." The only question, therefore, to be determined at this time, is as to whether or not the evidence which prompted the commissioner's action in holding the defendant to bail was competent as establishing probable cause.

There are two Georgia indictments here involved, both being for conspiracy in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and both naming this defendant. They are largely alike in their details, naming as conspirators this defendant, one Kleinberg, and one Goldberg, and seemingly refer to one transaction, although one indictment alleges the conspiracy as having had its inception on the 1st day of January, 1922, while the other places the time as being on or about the 20th day of July, 1922. One alleges the conspiracy as being to transport liquors from Savannah to New York, while the other names Hoboken as the objective point. In each indictment the 20th day of July, 1922, is named as the day when Goldberg packed 300 cases of liquor in a freight car for shipment, "for the purpose of being possessed by the said Isaac Goldberg, the said J. Kleinberg, and the said Bartletta, in violation of said National Prohibition Act."

In consequence, evidence calculated to sustain a petition for removal would perforce have to deal with the averments of said indictments and in such confirmatory degree as reasonably to warrant the conclusion of probable cause. I have read carefully the testimony produced before the commissioner, and have reached the conclusion that the evidence was in no wise competent as establishing probable cause.

The evidence of the witness Taylor is the only evidence which in any wise antedates the 1st day of January, 1922, and overlooking, for present purposes, the hearsay character it bears, all that can be gathered therefrom is a statement made to him by Bartletta in the year 1921 that he (Bartletta) had an interest in some whisky which during shipment had been seized by a Georgia sheriff. There is no possible connection between this alleged happening and the conspiracy set forth in the indictments, and yet this testimony comes nearer to connecting Bartletta with law-breaking in Georgia than does any other portion of the testimony offered before the commissioner.

For, by the testimony of the witnesses Morris Winokur and Joseph Berner, the only connection that Bartletta had with the liquor in question began after the completion of the transportation from Savannah to New York, and the consequent completion of the conspiracy alleged, and then only because the party with whom Berner had made arrangements to sell the liquor defaulted, and Harry Winokur, to whom Berner related his plight, took him over to Hoboken, where he met Bartletta and Kleinberg and they bought the carload. If this story be true, and it is the story of the government's own witnesses, Bartletta is clearly guilty of having violated the National Prohibition Act; but his offense belongs to the district of New Jersey to try, and not to the Southern district of Georgia.

Upon all the proceedings and evidence before me, I find the defendant Bartletta to have been held without just warrant, and am constrained to discharge him from further custody, so far as the same is based upon the indictments issued out of the Southern district of Georgia.