### WALKER et al. v. CHITTY, Marshal.
### No. 9387.

Circuit Court of Appeals, Ninth Circuit.

May 13, 1940.

. Clyde H. Walker in pro. per., for appellants.

J. Charles Dennis, U. S. Atty., and Oliver Malm, Asst. U. S. Atty., both of Tacoma, Wash., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

We have before us for decision an appeal by Clyde H. Walker and Justin B. Sheehy from an order of the court below denying their petition for a writ of habeas corpus. The petitioners were convicted under one indictment, of a violation of Section 338 of 18 U.S.C.A., using the mails to defraud, and under a second indictment, of a violation of Section 88 of 18 U.S.C.A., conspiracy to violate said Section 338. Both were sentenced to serve terms of imprisonment at McNeil Island, Washington, and fines were assessed. The judgments were entered March 4, 1939, and on the same day a petition for writ of habeas corpus was filed, which was amended, and the petition filed April 21, 1939. ·

The amended petition for writ of habeas corpus alleged, inter alia, that the trial of the criminal action was unfair; that the right of defendants to compulsory attendance of witnesses was curtailed; that the defendants were not tried on the indictments found by the grand jury in that said indictments were amended or "sealed" by the trial judge; and that the jury was illegally selected.

The criminal cases had been consolidated for trial before the Honorable Edward E. Cushman, the United States District Judge for the District. The petitioners, on the same day that they filed their amended petition for writ of habeas corpus, filed an affidavit under 28 U.S.C.A. § 25, charging Judge Cushman with personal bias and prejudice against them. They also, on that day, filed an affidavit under 28 U.S.C.A. § 24, alleging that Judge Cushman "is a necessary, and material witness for the petitioners." Judge Cushman thereupon withdrew from the case. The record does not disclose whether an order to show cause issued on the petition for writ of habeas corpus, but a hearing was had before Judge James Alger Fee, who, apparently, had been designated to sit. Judge Fee denied the petition for the writ.* The petitioners appealed; December 7, 1939, we granted permission to proceed in forma pauperis.

The petitioners assign three errors:

(1) That the court below erred in not following the rule of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461;

(2) That the court below erred in denying the petition for writ of habeas corpus; and

(3) That said court erred in not hearing the petition for the writ.

These three assigned errors were expanded into nine points in the brief.

We notice first the contention that the lower court erred in not issuing the writ of habeas corpus and holding a hearing thereon, in the presence of the petitioners. The record shows, however, that there was a hearing at which petitioner Walker was present. The exact nature of this hearing—whether on return to an order to show cause—is not apparent, although the record recites, "Hearing on petition for writ of habeas corpus, June 24, 1939." The order denying the petition, not made part of the original record here, but certified at a later date, to which we have heretofore in this opinion made reference, states, "This matter comes on for hearing on petition for writ of habeas corpus, Petitioners in Court in Custody represented by Clyde H. Walker," etc. In any event, the practice of making a preliminary inquiry to determine the propriety of issuing the writ of habeas corpus has been approved and the presence of the petitioner at such inquiry is not essential. See our decision in Franzeen v. Johnston, Warden, 9 Cir., 111 F.2d 817, decided May 9, 1940, and the cases there cited.

The brief for appellants urges: "That the defendants were not represented by legal counsel within the meaning of the Sixth Amendment to the Constitution" of the United States. There is no merit in this contention, for it appears by petitioner Walker's own statement "that Clyde H. Walker the Attorney for the defendants was a member of the Bar, in good standing." If Walker was not in the mood to present an adequate defense, he was at liberty to secure the assistance of other counsel. It must be presumed that he knew of his right to have counsel appointed to conduct the defense, even though defendants were without funds, and it does not appear in the record that the trial judge denied any such request, if made. The case of Buckner v. Hudspeth, Warden, 10 Cir., 105 F.2d 396, 397 (certiorari denied, 308 U.S. 553, 60 S.Ct. 99, 84 L.Ed. ——) holds: "The constitutional right of accused to have the assistance of counsel may be waived. The burden rested upon petitioner to establish that he did not competently and intelligently waive his constitutional right. The determination of whether there has been an intelligent waiver of the right to counsel depends upon the particular facts and circumstances in each case, including the background, experience, and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 464, 468, 58 S.Ct. 1019, 82 L.Ed. 1461.

---

* The order denying the petition for writ of habeas corpus was not made a part of the transcript of record to this court: thereafter, the appellants moved to enlarge the record by the addition of such order and attached a certified copy of the order to the motion. We do not pass upon the motion but, nevertheless, consider such order, because it appears in the record that the court did deny the petition for writ of habeas corpus.

Waiver of the right will ordinarily be implied where the accused appears without counsel and fails to request that counsel be assigned to him." See also Franzeen v. Johnston, Warden, supra, and cases there cited. The defendants in the criminal trial were represented by counsel, Clyde H. Walker, and if he contends that he was unable to present an adequate defense, his action in conducting such defense as he was able to present certainly constituted a competent and intelligent waiver of the right.

 The other questions suggested by appellants, namely:

(1) That the trial judge was disqualified;

(2) That the trial was unfair;

(3) That the court was without jurisdiction because incomplete;

(4) That the jury was "hand picked," "and not one as fair and impartial"; and

(5) That the defendants were deprived of their liberty without due process of law, as required by the Fifth Amendment to the Constitution of the United States, are all questions which may or should be urged upon appeal and have no place in a habeas corpus proceeding, at least within the period of possibility of an appeal. There is on file at the present time in this court an appeal by Clyde H. Walker and Justin B. Sheehy from the judgment of conviction. To review these five questions last outlined would be to permit parties to twice review the same questions in the same court. This we are not at liberty to do. "The writ of habeas corpus may not be made to perform the function of an appeal." Forthoffer v. Swope, 9 Cir., 103 F.2d 707, 709; Van Gorder v. Johnston, 9 Cir., 87 F.2d 654, 655. In Bowen v. Johnston, 306 U.S. 19, 23, 24, 59 S.Ct. 442, 444, 83 L.Ed. 455, the Supreme Court said: "Where the District Court has jurisdiction of the person and the subject matter in a criminal prosecution, the writ of habeas corpus cannot be used as a writ of error. The judgment of conviction is not subject to collateral attack. [Cases cited.] The scope of review on habeas corpus is limited to the examination of the jurisdiction of the court whose judgment of conviction is challenged. [Cases cited.] But if it be found that the court had no jurisdiction to try the petitioner, or that in its proceedings his constitutional rights have been denied, the remedy of habeas corpus is available. [Cases cited.]"

In the scheme of things, order requires that under the great majority of cases certain regular procedure be followed, to the end that the instruments provided accomplish the greatest good for the greatest number. The normal method of reviewing a judgment of a court is by the prosecution of an appeal, and this is the course which must be followed save in rare and exceptional circumstances. There are no exceptional circumstances present in this case, because the avenue of review by appeal remains open to the appellants here and the questions urged are such as may be fully and fairly reviewed on the appeal which is now docketed in this court.

 The rule applicable in this case was stated by Mr. Chief Justice Fuller in Re Belt, 159 U.S. 95, 100, 15 S.Ct. 987, 988, 40 L.Ed. 88, as follows: "The general rule is that the writ of habeas corpus will not issue unless the court under whose warrant the petitioner is held is without jurisdiction, and that it cannot be used to correct errors. *Ordinarily, the writ will not lie where there is a remedy by writ of error or appeal,* but in rare and exceptional cases it may be issued although such remedy exists." [Emphasis supplied.] See also Salinger v. Loisel, 265 U.S. 224, 231, 44 S.Ct. 519, 68 L.Ed. 989; In re Lincoln, 202 U.S. 178, 182, 26 S.Ct. 602, 50 L.Ed. 984; Riggins v. United States, 199 U.S. 547, 548, 26 S.Ct. 147, 50 L.Ed. 303; In re Chapman, 156 U.S. 211, 215, 15 S.Ct. 331, 39 L.Ed. 401; In re Frederich, 149 U.S. 70, 78, 13 S.Ct. 793, 37 L.Ed. 653. Nor may the writ of habeas corpus be used as an anticipatory appeal. United States of America, etc., v. House, Sheriff, etc., 9 Cir., 110 F.2d 797, decided April 3, 1940; Rumely v. McCarthy, 250 U.S. 283, 288, 289, 39 S.Ct. 483, 63 L.Ed. 983; Henry v. Henkel, 235 U.S. 219, 228, 229, 35 S.Ct. 54, 59 L.Ed. 203.

The order of the court below denying the petition for writ of habeas corpus is affirmed.