## WALKER v. SQUIER, Warden.

### No. 10462.

Circuit Court of Appeals, Ninth Circuit, California.

Nov. 24, 1943.

Edwin D. Hicks, of Portland, Or., for appellant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Harry Sager and Allan Pomeroy, Asst. U. S. Attys., both of Tacoma, Wash., for appellee.

Before GARRECHT, DENMAN and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the District Court for the Western District of Washington, Southern Division, dismissing appellant's petition for a writ of habeas corpus.

Appellant seeks his release from the United States Penitentiary at McNeil Island, Washington, where he is now serving an eight year sentence following conviction for using the mails to defraud. His case has been before this court on three previous occasions;[1] therefore we will not review its history beyond what is necssary for the disposition of this present appeal.

Upon the filing of the petition the District Court issued an order to show cause. Answer was made by respondent; a traverse was filed by the petitioner. A hearing was had at which petitioner testified and full argument on the merits made. The court made findings of fact and issued its order dismissing the petition. Since the prisoner was present and participating in the disposition of the merits of the peti-

[1] Walker v. Chitty, 112 F.2d 79, 80; Walker v. United States, 113 F.2d 314, 129 A.L.R. 725; Walker v. United States, 116 F.2d 458.

tion, the court had jurisdiction to dismiss without the unnecessary issue of the writ.

■ The single question now raised by appellant in support of his petition is whether payment of expert witnesses for testifying at an assertedly illegal rate, as a matter of law, so prejudiced his trial as to violate his constitutional guaranty of a fair trial and deprive him of his liberty without due process of law, and thus vitiate the jurisdiction of the court and render it impotent to give judgment.

The payments complained of were made to three witnesses called as experts, who testified regarding the value of certain coal deposits. We may assume that their testimony was material. Following the hearing on the order to show cause, the District Court found on the issue of such allegedly excessive payments that the persons so called and testifying as expert witnesses in the original trial were paid at the rate of $25 a day. It refused to draw the possible inference urged by petitioner and found that such compensation paid to experts did not constitute a bribe. There was no other evidence or findings on the issue of bribery.

We cannot say that the District Court erred in refusing to draw the inference of corruption from the fact of payment. Undesirable as the practice may be of paying experts at rates higher than paid other witnesses, its stigma has not as yet so crystallized as to have its condemnation formulated in a rule of law.

Without error in the finding of the trial court, appellant predicates his assertion of corruption of witnesses on an illegality said to arise out of payment of fees at a rate in excess of those prescribed by § 600c of Title 28 U.S.C., 28 U.S.C.A. § 600c. But assuming, without deciding, that appellant may raise the issue of payment of witnesses by the Government in excess of fees prescribed in the Judicial Code in these circumstances, and that such payments were illegal, his position is not bettered in this habeas corpus proceeding.

■ The assumed illegality is not that of corruption but rather the violation of a statute to secure certain evidence. Viewed in this light, appellant's position is less favorable than the analogous position of one who has been convicted following a trial in which material evidence illegally obtained was admitted. The admission of such evidence may constitute reversible error. McNabb v. United States, March 1, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; cf. Goldstein v. United States, 316 U.S. 114, 62 S.Ct. 1000, 86 L.Ed. 1312. But, in habeas corpus proceedings, if the illegal conduct does not so violate the fundamental principles of fairness and orderly justice, its existence does not violate the basic protections of the Constitution. Lisenba v. California, 314 U.S. 219, 235, 62 S.Ct. 280, 86 L.Ed. 166.

■ Here the conduct complained of, if prohibited by the statute, gives rise to no direct criminal penalties or civil redress in favor of the appellant; the assertion of prejudice rests on an inference only. The principles of fair trial have not yet become so sensitized that this constitutes a denial of due process. The order of the District Court is affirmed.