### UNITED STATES v. MARX et al.

#### (District Court, E. D. Virginia. March 26, 1903.)

#### No. 392.

**1. INDICTMENT—VENUE—CONSPIRACY.**
    An indictment alleging that defendants, of the Eastern District of Virginia, did at Washington, in the District of Columbia, and at Nor- folk, in the Eastern District of Virginia, and within the jurisdiction of this court, conspire, is defective in failing to make it clear within what jurisdiction the offense was committed.

**2. SAME—FORM OF—STATUTORY WORDS.**
    In an indictment for an offense against a statute, the offense may be described in the general language of the act; but the description must contain all of the particulars essential to constitute the offense or crime, in order to advise the accused of what he is charged.

### Indictment for Conspiracy to Defraud.

At the November Term, 1903, of the United States District Court for the Eastern District of Virginia, at Norfolk, an indictment under section 5440 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3676] was found against Aaron Marx, Louis Wasserman, Richard Eastwood, and J. A. Codd, charging that on the 6th of May, 1902, the said defendants "did in the city of Washington, in the District of Columbia, and at Norfolk, in the Eastern District of Virginia, and within the jurisdiction of this honorable court, then and there unlawfully and corruptly conspire to defraud, and did defraud, the United States, by confederating, combining, and agreeing together to bid fictitiously and fraudulently in the matter of certain bids, offers, and pro- posals, and in the making and execution thereunder of a contract to furnish

---

¶ 2. See Indictment and Information, vol. 27, Cent. Dig. §§ 292, 293.

the United States Navy, at the Navy Yard, at Norfolk, Virginia," certain fresh beef and vegetables as in the said proposals mentioned; that said Wasserman and Eastwood had prepared their respective proposals in the said city of Norfolk, and had conspired with said Marx and with J. A. Codd, another beef contractor proposing to offer and bid on said contract, for a consideration paid by said Marx to said Wasserman and Eastwood, to change and raise the amounts so originally fixed in their said proposals to such other and higher sums as the said Marx should desire, so that the said Marx should be, among the said conspirators, the lowest bidder under the said proposals, which said bid was duly filed by said Marx, but that the same was greatly in excess of the current market price for the commodities to be furnished under said proposals. It further appeared that the original bona fide bid of the said Eastman, as sworn to before a deputy collector of customs at Norfolk, was for the sum of $6,600, and that of the said Wasserman the sum of $7,300, and the bid filed by the said Marx was for the sum of $15,400, on which bid, that being the lowest filed, the contract was awarded. The indictment further charges that the said Marx furnished said supplies at the Norfolk Navy Yard, and received from the United States at the Navy Pay Office at Norfolk, Virginia, certain sums of money on account of said contract.

L. L. Lewis, U. S. Atty., and Hugh Gordon Miller, Asst. U. S., Atty.

R. T. Thorp, for defendants.

WADDILL, District Judge. The case is now before the court on a demurrer to the indictment, and without meaning to express any opinion as to the merits of the case, or whether the offense charged is itself an indictable one or not, the court is clearly of opinion that the demurrer should be sustained, as the indictment does not set forth the crime sought to be covered by it with that degree of particularity and accuracy required in a prosecution for conspiracy. United States v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516.

The indictment, moreover, is defective, in that it fails to make clear that the offense charged was committed within the jurisdiction of this court. The charge is that on the 6th day of May, 1902, the defendants, by name, of the Eastern District of Virginia, did in the city of Washington, in the District of Columbia, and at Norfolk, Va., in the Eastern District of Virginia, and within the jurisdiction of this court, then and there unlawfully and corruptly conspire to defraud, and did defraud, the United States, by confederating, combining, and agreeing together to bid fictitiously and fraudulently, in the matter of the bids above mentioned.

This clause clearly lays the venue, both in the District of Columbia and at Norfolk, in the Eastern District of Virginia, and there is nothing in the indictment from which it can be ascertained with any degree of accuracy or certainty within which jurisdiction, whether of this court or that of the District of Columbia, it is proposed to charge the crime to have been committed.

An order sustaining the demurrer will be entered.