## SULLIVAN v. UNITED STATES. *

### MANN v. SAME.

(Circuit Court of Appeals, Eighth Circuit. June 15, 1925.)

Nos. 6775, 6776.

1. **Criminal law ☞1050—Assignments of error, complaining of order denying motions, cannot be considered, in absence of exceptions to such order.**

Assignments of error, complaining of order denying motions to quash indictments and for bill of particulars, cannot be considered, where no exceptions were saved.

2. **Criminal law ☞622(1)—Overruling application for severance held not error.**

In prosecution under indictment charging conspiracy to violate Penal Code, § 194 (Comp. St. § 10364), which also charged each defendant with substantive offense of violating such section, in procuring, handling, selling, and attempting to sell bonds stolen from the mail, denial of application for severance *held* not error.

3. **Criminal law ☞422(1)—Acts and declarations of one co-conspirator are evidence against all conspirators.**

Acts and declarations of one co-conspirator are evidence against all conspirators.

4. **Criminal law ☞422(9) — Evidence admissible as against any one of defendants jointly tried is admissible, and must go in record, though not admissible as against all defendants.**

Evidence admissible as against any one of defendants jointly tried is admissible, and must go in record, though not admissible as against all defendants.

5. **Criminal law ☞698(1)—Reception of testimony, unobjected to, of witness whose name did not appear indorsed on indictment, or to have been furnished in response to bill of particulars, held not error.**

Reception of testimony, unobjected to, of witness whose name did not appear indorsed on indictment, or to have been furnished in response to bill of particulars, *held* not error, in view of fact that, if objection had been made at the time, leave to indorse indictment would unquestionably have been granted.

6. **Criminal law ☞662(8)—Making and use of stipulation obviating necessity of presence at trial of government witnesses held proper.**

Making and use of stipulation obviating necessity of presence of government witnesses, made in the interests of economy of money and time, *held* proper, where the proof, had it been offered by the government, was largely expert and formal, though necessary, and was not of

* Rehearing denied November 9, 1925.

such character as defendants would attempt to disprove in the making of their defense.

**7. Criminal law ☞781(4)—Charge as to effect of stipulation admitting fact that bonds which constituted subject-matter of prosecution were stolen held proper.**

In prosecution against several defendants for violation of Penal Code, § 194 (Comp. St. § 10364), in attempting to sell bonds stolen from mails, wherein it was stipulated that bonds were stolen, charge that stipulation was not admission by defendants that they knew, or any of them knew, that they were stolen, and that the question of knowledge was put in issue by their denial of such knowledge, *held* proper.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Con M. Sullivan and another were jointly indicted for violation of Penal Code, § 194, and, having been convicted, they each bring error. Affirmed.

Elbridge G. Wilson, of Tulsa, Okl. (James H. Sykes, of Tulsa, Okl., on the brief), for plaintiffs in error.

W. F. Rampendahl, Asst. U. S. Atty., of Muskogee, Okl. (Frank Lee, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before SANBORN, Circuit Judge, and POLLOCK and SYMES, District Judges.

POLLOCK, District Judge. The above-named plaintiffs in error were jointly indicted with two other persons, B. Ed King and Walter Chitwood, on two counts in the indictment; the first charging against all defendants a conspiracy to violate section 194 of the Penal Code (Comp. St. § 10364), and in the second count each and all said defendants were charged with the substantive offense of violating the provisions of said section 194 in the procuring, handling, selling, and attempting to sell $14,000 of bonds of the Argentine nation. All defendants were on their trial convicted, but Sullivan and Mann alone appeal. Sullivan was convicted on both counts, and Mann only on the second count. Sullivan was sentenced to serve a term of 2 years on each count of the indictment, to run concurrently, and pay a fine aggregating $750; Mann to serve a term of 1½ years in the federal prison and pay a fine of $250. Separate writs of error were taken from said judgments of conviction, but the cases were both heard on a single record, and will be considered as one case on appeal.

[1] The record contains 14 assignments of error, but by reason of the condition of the record few of these may be considered as raising any question for review in this court. As shown by the record, defendants Sullivan, King, and Chitwood filed motions to quash the indictments, and also a motion for a bill of particulars. These motions were by the court denied. But, as no exceptions to such order were saved, the assignments of error 1 and 2 count for nothing. The indictment was good.

[2] The third assignment of error is said to be based on an order denying an application for severance as to Sullivan and Mann. A search of the record fails to disclose any such application was filed or any order overruling the same made. If such application had been presented, there would have been no error in overruling the same in this case.

[3, 4] Assignments of error 4 to 6, inclusive, relate to evidence of conversations of witnesses with one or more of defendants out of the presence and hearing of other defendants. However, the first count of the indictment, as has been stated, charges a conspiracy as against all defendants. After the unlawful confederacy in such a case is proven the acts and sayings of one co-conspirator are evidence against all. Not only so, but all defendants were being jointly tried under the second count, and admissible evidence as against any one of defendants offered on the joint trial must be received as against such defendant, and go into the record, although the same might not be admissible as against all. This condition of the record accounts for the rulings made.

[5] Assignment of error No. 7 has no merit. A witness, whose name does not appear indorsed on the indictment or furnished in response to the bill of particulars, by the name of Thompson, appears to have testified in the case. However, no objection was made on this ground at the time the witness testified, and hence there was no error; and, if such objection had been made at the time, leave to indorse the same would have been unquestionably granted.

As to assignments of error 8 and 9, they relate to the overruling of demurrers to the evidence and refusal to strike out evidence offered by the government. There was ample evidence to sustain a conviction before the jury, and the motions and demurrers were rightly ruled.

Assignments of error 10 to 13 are merely formal, and are without substance or merit.

[6] Assignment of error 13 predicates error upon a stipulation made for the purpose of obviating the expense of bringing

the shippers of the bonds involved and the mail messengers and clerks who are charged to have carried the same to the trial. As this proof, had it been offered by the government, must have been largely expert and formal, yet necessary, and as it was not of such character as defendants would attempt to disprove in the making of their defense, the making and use of this stipulation in the interests of economy of money and time, was highly proper in such a case as this.

[7] In regard to the stipulation the court charged the jury as follows: "The stipulation in this case, admitting that the bonds had been stolen from the mail, was a stipulation entered into for the convenience of both parties, on account of the long distance witnesses would have to come, and the expense which would be incurred in the trial of the case, and that stipulation is not to be considered, except as to the facts admitted, and in admitting that the bonds had been stolen as alleged the defendants do not admit that they knew, or any of them knew, that they had been stolen."

Again, the court charged the jury as to this stipulation as follows: "Now, all of the allegations as to bonds being mailed by the Chase National Bank of New York City, and that they became a part of the mail matter of the United States, and were stolen and taken therefrom; that is admitted by stipulation when this case was set here for trial. These facts are stipulated, and it will not be necessary for you to consider the evidence as to that phase, as that is stipulated and admitted; but now, as to these allegations, it says that the defendants then and there well knew that the bonds were stolen as before stated, and that is put in issue, and they deny that they knew that."

Under the circumstances of this case we think the charge entirely proper, and in any event there were no proper exceptions saved thereto.

Finding no prejudicial error in the record, the judgment must be accordingly affirmed.