### BRATTON v. UNITED STATES.
#### No. 1112.

Circuit Court of Appeals, Tenth Circuit.
Nov. 17, 1934.

Eben L. Taylor, of Tulsa, Okl. (Ben F. Williams, of Norman, Okl., and G. C. McDonald, of Tulsa, Okl., on the brief), for appellant.

Joe W. Howard, Asst. U. S. Atty., of Tulsa, Okl. (C. E. Bailey, U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

McDERMOTT, Circuit Judge.

.Appellant was convicted and sentenced to eighteen months in the penitentiary under an indictment which is set out in the margin.[1]

Section 145 of the Criminal Code (18 USCA § 250) provides:

"Whoever shall, under a threat of informing, or as a consideration for not informing,

[1] The Grand Jurors of the United States of America, duly empaneled, sworn and charged in the District Court of the United States within and for the Northern District of Oklahoma, to inquire into and due presentment make of all offenses against the laws of the United States of America, committed and triable within said district, do, upon their oaths, find, present and charge that Harley J. Bratton and Homer Good, whose more true, full and correct names are to the Grand Jurors unknown, after having apprehended A. R. Blackburn, on or about the 15th day of April, A. D. 1933, while in the act of unlawfully, wilfully, wrongfully, and feloniously possessing about two gallons of alcohol at the Wainwright Drug Store, located at 910 East 6th Street in the City of Tulsa, Tulsa County, State of Oklahoma, a more accurate description of the exact location being to the Grand Jurors unknown, such place where said liquor was so had, kept and possessed being within the limits of the Indian Territory and a part thereof prior to the admission of the State of Ok-

lahoma into the Union as one of the United States of America, and being then and there a place where the introduction and possession of such intoxicating liquors is and was prohibited and made a felony by Federal Statutes, and taking into custody said A. R. Blackburn and seizing said liquor and the automobile in which such liquor was possessed, and shortly thereafter releasing him and the automobile upon the promise of the said A. R. Blackburn to pay the sum of Three Hundred ($300) Dollars to the said defendants, nearly all of which was paid, in consideration that the aforesaid facts be concealed and not reported to the federal authorities for prosecution, did, unlawfully, wilfully, wrongfully and feloniously conceal the commission of said federal offense and such surrounding facts and circumstances from the judges, officials and all other departments of the government of the United States of America, contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America.

against any violation of any law of the United States, demand or receive any money or other valuable thing, shall be fined not more than $2,000, or imprisoned not more than one year, or both."

Section 146 (18 USCA § 251) provides:

"Whoever, having knowledge of the actual commission of the crime of murder or other felony cognizable by the courts of the United States, conceals and does not as soon as may be disclose and make known the same to some one of the judges or other persons in civil or military authority under the United States, shall be fined not more than $500, or imprisoned not more than three years, or both."

■ Notwithstanding the distinct allegation that the appellant exacted and received $300.-00 as a consideration for concealing the offense, the District Attorney advises us that the indictment was returned under section 146 (18 USCA § 251), and points out that this must be true because the sentence imposed exceeds the limit imposed by section 145 (18 USCA § 250); it is also pointed out that, except for the allegation of a consideration, the language more nearly follows that section than the other one. If the indictment is under section 146, the averment of a consideration is surplusage; it is an allegation of the motive for concealment, and not an averment of an act of concealment; and section 146 does not make a consideration an element of the offense. If the indictment alleges two distinct offenses, it is duplicitous. Creel v. United States (C. C. A. 8) 21 F.(2d) 690. If the indictment leaves the defendant in fair doubt as to the offense charged, it fails to meet the test that an indictment should "leave no doubt in the minds of the accused and the court of the exact offense intended to be charged." Evans v. United States, 153 U. S. 584, 587, 14 S. Ct. 934, 936, 38 L. Ed. 830; Rumely v. United States (C. C. A. 2) 293 F. 532, 547, certiorari denied 263 U. S. 713, 44 S. Ct. 38, 68 L. Ed. 520.

■ While non-essential detail in an otherwise good indictment does not invalidate it, where a grand jury indicts under one statute, a conviction may not be had under another by the device of discarding essential averments as surplusage. The facts alleged in this indictment raise a substantial doubt as to the offense sought to be charged, for the outstanding act alleged—the taking of a bribe—is an essential averment under section 145 and not under section 146. Otherwise, the indictment more nearly follows the language of section 146. The point need not be pressed, for we are of the opinion that no offense under section 146 is alleged, and since the District Attorney concedes that the conviction was had and the sentence passed under that section, a reversal must follow.

Section 146 was enacted April 30, 1790 (1 Stat. 113, § 6), and as far as the researches of court and counsel disclose, has been before the courts but twice in the 144 years of its life. It provides that there must be both a concealment and a failure to disclose in order to constitute a criminal offense. The language is "conceals and does not as soon as may be disclose." Some meaning must be given to the words "conceal and." If it should be held that a failure to disclose is in itself a concealment, then a conviction may be had for a failure to disclose without more, and the words "conceal and" are thus effectively excised from the statute.

■ Following settled rules of construction, we must assume that Congress intended something by the use of the words "conceal and." If any meaning is to be given them, an indictment must allege something more than mere failure to disclose—some affirmative act of concealment, such as suppression of the evidence, harboring of the criminal, intimidation of witnesses, or other positive act designed to conceal from the authorities the fact that a crime had been committed. Furthermore, some such interpretation is necessary to rescue the act from an intolerable oppressiveness and to eliminate a serious question of constitutional power. Whatever may have been the case in 1790, when federal felonies were few, the act if otherwise construed would be but another unworkable and unenforceable law in latter days. Take the case here: The defendant was a state peace officer; he would be guilty of a felony, under any other interpretation, even if he turned his prisoner over to the proper state authorities and swore to a complaint, if he failed promptly to report the arrest to federal authority. The bystander who saw a federal felony committed would become a felon if he did not promptly report it, although federal officers apprehended the criminal on the spot. The guest at a club or a dinner in Eastern Oklahoma would lately have been a felon if he had not promptly reported to the nearest federal judge the fact that he observed another guest in possession of a beverage of proscribed alcoholic content. An intrepretation leading to such an intolerable conclusion should not lightly be imputed.

It was so held in United States v. Farrar (D. C. Mass.) 38 F.(2d) 515, 517. There Judge Morton held that a purchaser of intoxicating liquors could not be convicted under this act, although he had knowledge of a felonious sale and did not report it, saying:

"The Act of April 30, 1790, as amended (18 USCA § 251), requires both concealment and failure to disclose. Under it some affirmative act toward the concealment of the felony is necessary. Mere silence after knowledge of the commission of the crime is not sufficient. The allegations of the indictment do not bring it within this statute. See Robinson v. State, 57 Ind. 113; Com. v. Tuckerman, 10 Gray (Mass.) 173."

The Supreme Court of the United States affirmed. 281 U. S. 624, 50 S. Ct. 425, 74 L. Ed. 1078, 68 A. L. R. 892. While the Supreme Court did not mention this statute, Judge Morton's opinion called it to the attention of the high court, and if that court had believed that failure to disclose, without more, was a crime, then a reversal must have followed.

■ This indictment alleges no act of concealment. It is conceded that the allegation of the bribe is surplusage under this section of the statute, for if there is an affirmative act of concealment, and a failure to disclose, it is an offense whether paid for or not. The consideration paid is the motive for, and not an act of, concealment. Laying that allegation to one side, the indictment alleges the appellant did "conceal the commission of said federal offense" from the federal authorities. This alleges, rather ineptly, a failure to disclose and nothing more. Certainly the two distinct elements of the offense cannot be made out of this one allegation.

■ Furthermore, no venue of any act of concealment is alleged. As far as the failure to disclose to federal authority is concerned, the venue is the place where the report should have been made. Rumely v. McCarthy, 250 U. S. 283, 39 S. Ct. 483, 63 L. Ed. 983; United States v. Lombardo, 241 U. S. 73, 36 S. Ct. 508, 60 L. Ed. 897; United States v. Commerford (C. C. A. 2) 64 F.(2d) 28. Even that is only inferentially alleged, as it requires the defendant to know that the officers to whom the disclosure should be made have their offices in the district where the indictment was returned. If one could infer an affirmative act of concealment from the naked allegation of this indictment, or from the bribery, nowhere does the indictment intimate that such act took place in this district; it might well have been that the act of concealment took place a few miles away in the Eastern or Northern District. While failure to allege venue directly is not a jurisdictional defect in the sense that it will support a collateral attack (Knewel v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036; United States v. Pridgeon, 153 U. S. 59, 14 S. Ct. 746, 38 L. Ed. 631), yet the federal cases, and some from the state courts, hold an indictment failing to allege venue is demurrable. Patterson v. United States (C. C. A. 6) 222 F. 599, 626; United States v. Christopherson (D. C., E. D. Mo.) 261 F. 225; United States v. Jenks (D. C., E. D. Pa.) 258 F. 763; United States v. Marx (D. C., E. D. Va.) 122 F. 964; Hughes on Fed. Prac. § 7035. In addition, a failure to state, with some degree of certainty, where the alleged offense took place renders the indictment open to the objection that it does not fairly apprise the accused of the facts charged, and denies him the right to a plea of former conviction or acquittal if later charged with the same offense. Skelley v. United States (C. C. A. 10) 37 F.(2d) 503. When it is recalled that the Sixth Amendment gives the accused a right to a trial in the "district wherein the crime shall have been committed," a failure to allege that the crime was committed in the district is inexcusable.

The government challenges our right to notice the fatal defects in the indictment because the record discloses no formal exception to the order of the court overruling the demurrer to the indictment. We are cited to cases which hold that an exception is necessary to test the correctness of rulings on questions not arising on the record.[2] If the point were well taken, this case would fall under the rule that courts may notice plain and grievous errors which have deflected the course of justice. Williams v. United States (C. C. A. 10) 66 F.(2d) 868.

■ But counsel are in error as to the rule. Exceptions are necessary where it is sought to review errors in the proceedings which are not a part of the record proper; that is, exceptions are necessary in proceedings drawn onto the record by a bill of ex-

2 Hill v. United States (C. C. A. 8) 15 F.(2d) 14; Hammert v. United States (C. C. A. 8) 14 F.(2d) 827; Sullivan v. United States (C. C. A. 8) 7 F.(2d) 355, certiorari denied 270 U. S. 648, 46 S. Ct. 348, 70 L. Ed. 779; Edwards v. United States (C. C. A. 8) 7 F.(2d) 357.

ceptions. They are not necessary where the error is disclosed by the record proper. Kansas City Life Ins. Co. v. Shirk (C. C. A. 10) 50 F.(2d) 1046; White v. United States (C. C. A. 10) 48 F.(2d) 178, 181. The pleading, process, verdict and judgment are a part of the record proper. Addis v. United States (C. C. A. 10) 62 F.(2d) 329, certiorari denied 289 U. S. 744, 53 S. Ct. 688, 77 L. Ed. 1491. An indictment is a pleading; objections thereto are properly raised by demurrer, and the demurrer is likewise a pleading; the ruling thereon is therefore disclosed by the record proper. Buessel v. United States (C. C. A. 2) 258 F. 811, where Judge Rogers explores the authorities at length. And so it is of a ruling on a plea of former jeopardy. United States v. La Franca, 282 U. S. 568, 51 S. Ct. 278, 75 L. Ed. 551.

It follows that the demurrer to the indictment should have been sustained. The judgment is, therefore,

Reversed.