182 So. 711

**STATE v. GRAHAM.**

No. 34909.

June 27, 1938.

Gaston L. Porterie, Atty. Gen., James O'Connor, First Asst. Atty. Gen., and Jesse C. McGee, Dist. Atty., of Harrisonburg, for appellant.

Jos. M. Reeves and R. D. Calhoun, both of Vidalia, and Engle & Laub, of Natchez, Miss., for appellee.

O'NIELL, Chief Justice.

The State is appealing from a judgment sustaining a demurrer and motion to quash two bills of information. The two cases are dealt with as one case. In the first bill of information the defendant is accused of violating Section 856 of the Revised Stat-

utes, defining and denouncing misprision of felony. In the second bill the defendant is accused of having been an accessory after the fact of the crime of murder committed in Gulfport, Mississippi. This bill of information is based upon Section 853 of the Revised Statutes, making it a crime, punishable by imprisonment in the penitentiary for a term not exceeding five years, for any person knowingly to harbor, conceal, maintain or assist the perpetrator of a felony or his accessory before the fact.

In the first bill of information, charging misprision of felony, it is charged that the defendant, on or about the 8th day of September, 1937, in the Parish of Concordia, in the State of Louisiana, "did wilfully, knowingly and feloniously conceal, and did not disclose to some committing magistrate or district attorney, that one Goldie Harrison and one Tommie Woodward had before then * * * murdered one J. O. Wolff, on the 7th day of September, 1937, in the City of Gulfport, State of Mississippi, contrary to the form of the statute of the State of Louisiana, in such case made and provided," etc.

Section 856 of the Revised Statutes, on which this bill of information is based, defines and denounces misprision of felony,— thus:

"Sec. 856. If any person having knowledge of the commission of any crime punishable with death, or imprisonment at hard labor, shall conceal and not disclose it to some committing magistrate or district attorney, on conviction he shall be fined not exceeding three hundred dollars, and imprisoned at hard labor or otherwise not ex-

ceeding twelve months, at the discretion of the court."

In the second bill of information it is charged that the defendant, on or about the 8th day of September, 1937, in the Parish of Concordia, Louisiana, "did wilfully, knowingly and feloniously harbor, conceal, maintain and assist a principal offender, to-wit: one Goldie Harrison, who had before then feloniously, wilfully and unlawfully, and of his malice aforethought, killed and murdered one J. O. Wolff, in the City of Gulfport, in the State of Mississippi, contrary to the form of the statute of the State of Louisiana, in such case made and provided," etc.

The statute on which that bill of information is based, being Section 853 of the Revised Statutes, follows immediately the three sections dealing with the different grades of burglary,—and is under the rubric "Offenses Against Habitations",—viz.:

"Sec. 853. If any person shall knowingly harbor, conceal, maintain or assist any principal offender or accessory thereto, before the fact, he shall suffer imprisonment at hard labor not exceeding five years."

The two crimes which the defendant is accused of are cognate crimes. For that reason the principal plea or complaint made in the defendant's demurrers and motions to quash is applicable to both bills of information. The first and main ground for the motion to quash is that the alleged murder, of one J. O. Wolff, by Goldie Harrison and Tommie Woodward, is alleged to have been committed in the State of Mississippi; and hence that the alleged failure of the defendant to disclose the commission of the

crime "to some committing magistrate or district attorney" in the Parish of Concordia, Louisiana,—or the alleged harboring and concealing of the principal offender, Goldie Harrison, in the Parish of Concordia, Louisiana,—was not a crime for which the defendant could be convicted in Louisiana. Stated somewhat differently, the contention of the defendant is that Section 856 has reference only to the concealment of—and the failure to disclose to some committing magistrate or district attorney in Louisiana—the commission of a felony that was committed in this State; and, likewise, the contention is that Section 853 has reference to the harboring of a principal offender or of his accessory before the fact, only when the felony, or principal offense, was committed in Louisiana. In the demurrer to the first bill of information the defendant pleads that the bill is deficient in that it is not alleged that the murder of J. O. Wolff was not known generally, or that it was not known by "some committing magistrate or district attorney",—either in Concordia Parish, Louisiana, or in Gulfport, Mississippi. In the demurrer to the second bill of information the defendant pleads that Section 853 of the Revised Statutes, on which the prosecution is based, has reference only to the harboring or concealing of a principal offender who has committed the crime of burglary, as defined in Section 850, 851 or 852 of the Revised Statutes,—or to the harboring or concealing of an accessory before the fact of the commission of such burglary.

Section 853 of the Revised Statutes, according to the very terms in which it was

enacted originally, as Section 6 of the Act of March 20, 1818, Laws 1818, p. 168, denounced only the offense of being an accessory after the fact of the commission of the crime of burglary. And the position which this section was given originally,—and which it has retained as Section 54 of Act No. 120 of 1855 and as Section 853 of the Revised Statutes of 1870,—in relation to the sections defining and denouncing the several grades of burglary,—leaves very little doubt that this section, even yet, has reference only to the offense of being an accessory after the fact of the commission of the crime of burglary. Sections 850, 851, 852, 853 and 854 of the Revised Statutes of 1870 were copied, almost literally, from Sections 51, 52, 53, 54 and 55 of Act No. 120 of 1855, entitled "An Act Relative to Crimes and Offenses." And these five sections were enacted originally as Sections 3, 4, 5, 6 and 7 of the Act of March 20, 1818, entitled "An Act Supplementary to an Act for the Punishment of Crimes and Misdemeanors." State v. Stephens, 150 La. 944, 91 So. 349, 23 A.L. R. 286.

Section 3 of the Act of March 20, 1818,—which became Section 51 of Act No. 120 of 1855,—and which is now Section 850 of the Revised Statutes,—defines the highest grade of the crime of burglary, and prescribes the penalty of death. Section 4 of the Act of March 20, 1818,—which became Section 52 of Act No. 120 of 1855,—and which is now Section 851 of the Revised Statutes,—defines the second grade of the crime of burglary, and prescribes the penalty of imprisonment in the penitentiary

for a term not exceeding 14 years. Section 5 of the Act of March 20, 1818,—which became Section 53 of Act No. 120 of 1855, —and which is now Section 852 of the Revised Statutes,—defines the third grade of the crime of burglary, and prescribes the penalty of imprisonment in the penitentiary for a term not exceeding 10 years. And Section 6 of the Act of March 20, 1818,— which became Section 54 of Act No. 120 of 1855,—and which is now Section 853 of the Revised Statutes,—defined and denounced the crime of being an "accessory after the fact" of the crime of burglary, as defined in any one of the three preceding sections of the statute,—thus:

"Sec. 6. And be it further enacted, That if any person, after any burglary committed as aforesaid, shall knowingly harbor, conceal, maintain or assist any principal offender or accessory thereto before the fact, every such accessory after the fact, who shall be thereof duly convicted, shall be punished for a term not exceeding one year by solitary imprisonment, and by confinement after to hard labor, not exceeding five years."

Section 7 of the Act of March 20, 1818,— which became Section 55 of Act No. 120 of 1855,—and which is now Section 854 of the Revised Statutes,—defines the crime of entering a house in the nighttime without breaking, or breaking and entering a house in the daytime, and prescribes the penalty of imprisonment in the penitentiary for a term not exceeding five years, and a fine not exceeding $1,000.

When Sections 3, 4, 5, 6 and 7 of the Act of March 20, 1818, were retained as

Sections 51, 52, 53, 54 and 55 in Act No. 120 of 1855,—and again when these five sections were retained as Sections 850, 851, 852, 853 and 854 of the Revised Statutes of 1870,—they were placed under the rubric "Offenses Against Habitations". In the retaining of Section 6 of the Act of March 20, 1818, as Section 54 of Act No. 120 of 1855,—and again in the retaining of the same section as Section 853 of the Revised Statutes,—the wording of the section was condensed so as to read thus:

"Sec. 853. If any person shall knowingly harbor, conceal, maintain or assist any principal offender or accessory thereto, before the fact, he shall suffer imprisonment at hard labor not exceeding five years."

If this section, as it reads now, should be considered without reference to the three sections which immediately precede it, and without reference to the section which immediately follows it, it would seem to be applicable to an accessory after the fact of any crime,—not only burglary, but any other crime. It is not at all likely, though, that this change in the wording of this section of the statute was intended to make it applicable to an accessory after the fact of any other crime except the crime of burglary, because, when this change was made in the wording of this section of the statute, the Legislature made provision, in Section 117 of Act No. 120 of 1855, for the offense of being an accessory after the fact, —thus:

"Section 117. Be it enacted, etc., that whoever shall be convicted as accessory after the fact to any crime or offense shall suffer fine or imprisonment, or both, at the discretion of the court."

That section of the statute is retained, literally, as section 973 of the Revised Statutes of 1870. It appears, therefore, that it is only with regard to the crime of burglary that an accessory after the fact can be prosecuted under section 853 of the Revised Statutes, and, if convicted, be punished by imprisonment at hard labor for a term not exceeding five years. With regard to all other felonies, the accessory after the fact may be prosecuted under authority of Section 973 of the Revised Statutes, and, if convicted, be punished by fine or imprisonment, or both, at the discretion of the judge.

If it should be conceded, however, that one who has committed the offense of being an accessory after the fact, with regard to any other crime than burglary, is subject to prosecution under Section 853 of the Revised Statutes, it is quite certain that the statute would not be applicable to an accessory after the fact of a crime committed outside of the State of Louisiana, and hence, not cognizable by the courts of this State. At common law an accessory, whether before or after the fact, cannot be tried, without his consent, before the trial and conviction of the principal offender, except where the principal and the accessory are tried together. 16 C.J. page 141, Sec. 150. In the States where, by statute, the principal need not be convicted before the accessory can be put on trial, the guilt of the principal must be proved beyond a reasonable doubt, on the trial of the accessory, in order to convict the accessory.

16 C.J. page 144, Sec. 156. Accordingly, to convict a person of having been an accessory after the fact, in Louisiana, with regard to a crime committed in another State, it would be necessary to prove beyond a reasonable doubt, the guilt of the principal, of the crime committed in the other State, unless the principal has been convicted in the State where he committed the crime. It is not alleged in either of the bills of information in this case that either of the alleged murderers was convicted in Mississippi. It would be an anomalous proceeding to prove, on the trial of the defendant in this case for the crime of being an accessory after the fact, that the alleged murderers were guilty of the crime of murder in the State of Mississippi. Our conclusion, therefore, is that the judge was right in quashing the bill of information charging the defendant with the offense of being an accessory after the fact.

Referring now to the bill of information in which the defendant is accused of misprision of felony, our opinion is that Section 856 of the Revised Statutes, which defines and denounces misprision of felony,—and on which this bill of information is founded,—has reference only to a concealment and failure to disclose the commission of a felony that was committed in Louisiana. The question whether a prosecution for misprision of felony may be instituted in a State other than the State in which the felony itself was committed never has been decided by this court, or by any other State court, as far as our research shows. The reason for the scarcity of judicial decisions on the subject of misprision of felony is that prosecutions for the offense have became almost obsolete. In Wharton's Criminal Law, 12th Edition, Vol. 1, p. 376, Sec. 289, it is said: "Misprision, as a substantive offense, however, is practically obsolete." The reason for that is that, in the modern acceptation of the term, misprision of felony is almost if not identically the same offense as that of an accessory after the fact. The federal statute on the subject is Section 146 of the Criminal Code, 18 U.S.C.A. § 251, which was originally enacted April 30, 1790 (1 Stat. 113, § 6), R.S.U.S. § 5390, and is very similar to Section 856 of the Revised Statutes of Louisiana. In the case of Bratton v. United States, 73 F.2d 795, the Circuit Court of Appeals, Tenth Circuit, made this observation (page 797): "Section 146 was enacted April 30, 1790 (1 Stat. 113, § 6), and as far as the researches of court and counsel disclose, has been before the courts but twice in the 144 years of its life." The decision in Bratton v. United States, supra, is authority for the proposition that the venue of the offense of misprision of felony, or concealment and failure to disclose the commission of a felony, is the place where the disclosure or report should be made; which we understand to mean the place where the felony was committed. On that subject the court said:

"As far as the failure to disclose to federal authority is concerned, the venue is the place where the report should have been made. Rumely v. McCarthy, 250 U.S. 283, 39 S.Ct. 483, 63 L.Ed. 983; United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897; United States v. Commerford, (C.C.A. 2) 64 F.(2d) 28."

For the reasons which we have stated in reference to the bill of information in which the defendant is accused of having been an accessory after the fact, our opinion is that the offense of misprision of felony is not cognizable by the courts of Louisiana, in a case where it is charged that the felony itself was committed· in another State, and· where it is not alleged that the person charged with the felony has been convicted in the State in which the felony was committed. Our conclusion, therefore, is that the judge was right in quashing the bill of information in which the defendant was charged with misprision of felony. It is not necessary to consider the defendant's plea that it is not alleged, in this bill of exception, that the alleged murder of one J. O. Wolff was not known generally, or that it was not known by "some committing magistrate or district attorney", either in Concordia Parish, Louisiana, or in Gulfport, Mississippi.

The judgment appealed from is affirmed.

ODOM, J., takes no part; not having heard the argument.

FOURNET, J., takes no part.