For the reasons assigned the rule nisi issued herein is made absolute.

It is now ordered that a peremptory writ of mandamus issue herein, directing the Honorable Robert B. Butler, Sr., Judge of the Seventeenth Judicial District Court for the Parish of Terrebonne, to annul, set aside and vacate the ex parte order issued by him in these proceedings on May 1, 1940, and that a writ of prohibition also issue herein, prohibiting the Honorable Robert B. Butler, Sr., Judge of said Court, and the petitioners, Mateo Scurto, Charles Scurto, Josephine Scurto, Mrs. Santa Scurto LeBlanc, wife of Edward LeBlanc, Mrs. Rose Scurto Brocato, wife of Rosario Brocato, Mary Fesi, Rose Fesi, Marguerite Fesi, Rosalie Fesi, Frank Fesi, Jennie Fesi, Antoinette Fesi, Josie Fesi, Ellen Fesi, Marie Fesi and Ann Fesi, from proceeding further herein.

It is further ordered that petitioners pay all costs of this court and of the District Court.

197 So. 419

## STATE v. WELLS.

No. 35821.

June 28, 1940.

Eugene Stanley, Atty. Gen., and Harry Fuller, Dist. Atty., of Winnfield, for the State, appellant.

C. H. McCain, of Colfax, and Casimir D. Moss, of Winnfield, for appellee.

O'NIELL, Chief Justice.

The defendant was charged in three counts in a bill of information with the crime of harboring and concealing criminals, in violation of Section 853 of the Revised Statutes, amended by Act No. 135 of 1938. In the first count he was accused of harboring and concealing three men who had broken and entered a filling station in the nighttime with intent to steal. In each of the two other counts he was accused of harboring and concealing the same three men who were said to have committed two separate crimes of robbery in another parish. The defendant filed a motion to quash the bill of information on the ground that the crime of harboring and concealing a criminal, as denounced by Section 853 of the Revised Statutes was applicable only to the crime of harboring and concealing a burglar. The judge overruled the motion as to the first count in the bill of information and maintained it as to the two other counts. The State is appealing from the judgment. As the defendant has not been tried on the first count the question whether the judge was right or wrong in overruling the motion to quash that count is not before us now.

■ The ruling complained of by the district attorney is supported by the decision in State v. Graham, 190 La. 669, 182 So. 711. In that case it was decided that a person who harbored and concealed one who committed a felony other than burglary, or breaking and entering, should be prosecuted as an accessory after the fact, not under the provisions of Section 853 of the Revised Statutes, but under the provisions of Section 973, which was originally Section 117 of Act No. 120 of 1855. In the opinion rendered in that case we reviewed the history of the laws on the subject, commencing with their origin, in the Act of March 20, 1818, entitled "An Act Supplementary to an Act for the Punishment of Crimes and Misdemeanors." Our attention is directed to the fact that the Legislature has so amended these statutes on the subject of burglary, especially by Act No. 20 and Act No. 72 of 1926 (amending Rev.St. §§ 852, 854), that there are now several crimes of breaking and entering a house with felonious intent which are not "Offenses against Habitations", as they were called originally, and which therefore are not in the common-law definition of burglary. But that does not affect the opinion which we rendered in State v. Graham. The fact that the crimes of breaking and entering, as denounced in Sections 850, 851, 852, and 854 of the Revised Statutes, are not all entitled now to be placed under the rubric "Offenses against Habitations" does not affect the intention which the Legislature had when it did place these sections—with Section 853—under that rubric, in copying Sections 3, 4, 5, 6 and 7 of the Act of March 20, 1818, p. 168, as Sections 51, 52, 53, 54 and 55 in Act No. 120 of 1855, and in retaining these sections as Sections 850, 851, 852, 853 and 854 of the Revised Statutes of 1870. What we were concerned

with in the Graham Case was the intention which the Legislature had at that time,— in 1818, 1855, and 1870—not afterwards. In the amendment of Section 853 of the Revised Statutes, by Act No. 135 of 1938, the only changes made were the omission of the words "before the fact" and the increasing of the maximum penalty from five to ten years imprisonment at hard labor. These amendments do not effect in any way the interpretation which we gave to the statute in State v. Graham.

It is said in the brief of the district attorney that there is a distinction between the crime of being an accessory after the fact and the crime of knowingly harboring and concealing a criminal. There is this distinction, that one who knowingly harbors and conceals a criminal thereby becomes an accessory after the fact, although there may be other ways of being an accessory after the fact besides harboring or concealing a criminal. In the Graham case we referred to one who harbored and concealed a criminal, in violation of Section 853 of the Revised Statutes, as an accessory after the fact. We got the idea from the words in the statute, "harbor, conceal, maintain or assist any principal offender"—and from the fact that the person harboring, concealing, maintaining or assisting, in such cases, was called an accessory after the fact, in the original statute, Section 6 of the Act of March 20, 1818—thus:

"That if any person, after any burglary committed as aforesaid, shall knowingly harbor, conceal, maintain or assist any principal offender or accessory thereto before the fact, *every such accessory after the fact,* who shall be thereof duly convicted, shall be punished", et cetera. [We did the italicizing.]

The judgment appealed from is affirmed.