**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Thomas TRIGILIO, Defendant-Appellant,**
**No. 229, Docket 24636.**

United States Court of Appeals
Second Circuit.

Argued April 10, 1958.

Decided May 14, 1958.

William B. Mahoney, Buffalo, N. Y., of counsel: John B. Corcoran, Buffalo, N. Y., for appellant.

John O. Henderson, U. S. Atty., Buffalo, N. Y., for appellee, Leo J. Fallon, Asst. U. S. Atty., Buffalo, N. Y., of counsel.

Before SWAN, HINCKS and MOORE, Circuit Judges.

PER CURIAM.

■ Defendant has appealed from a judgment finding him guilty of criminal contempt of court, 18 U.S.C.A. § 401, and sentencing him to three months imprisonment for refusal to answer questions put to him before a federal grand jury, after the court directed him to answer them. The issue presented by the appeal is whether the district court was correct in ruling that appellant did not have reasonable cause to fear that answering the questions might tend to incriminate him.

The federal grand jury was investigating bank robberies in Buffalo, New York, in which Frank Coppola was suspected of having been involved.[1] Coppola was the brother-in-law and a co-employee of appellant. Most of the questions which he refused to answer for fear of self-incrimination concerned conversations had by him with his brother-in-law both before and after the dates of the robberies; a few questions referred to facts or occurrences observable by the witness.[2]

■■ As counsel for the witness explained to the court, his fear of incrimination was based on the misprision of felony statute, 18 U.S.C.A. § 4. The appellee argues that knowledge of commission of a felony, which answers by the witness might have disclosed the witness to have had, was not enough to establish the crime of misprision, which requires not only knowledge of the felony but also a failure to disclose it as soon as possible, and some affirmative act of concealment.[3] Since there was no implication of any act of concealment by the witness, it is argued that he could not claim the privilege against self-incrimination. The argument implies that a witness must suggest that he did violate the misprision statute before he can assert that he fears he may be charged with violating it. This contention cannot be sustained. As the Supreme Court said in Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118: "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer  *  *  *  might be dangerous because injurious disclosure might result." Indeed, as the appellee's brief candidly admits, page 12: "It is recognized, of course, that it could not be said with certainty that answers to this kind of question could not 'furnish a link in the chain of evidence' needed to prosecute the appellant for a federal crime." The

---

1. Coppola was arrested on January 11, 1957. On January 22 Trigilio was called to testify before the grand jury.

2. The series of questions fill some 10 pages of the printed Appendix. It will suffice, we think, to reproduce here four questions quoted on page 12 of the appellee's brief as illustrative of the various kinds of questions asked:

   "Q. Now, a day or two after the said holdup of the Manufacturers and Traders Trust Company Clinton-Bailey office which occurred on February 15, 1956, did Frank Coppola say to you in substance, 'You know, I pulled that job at the M & T,'? Did he say that to you? A. Sir, I refuse to answer that question." (App. p. 41)

   "Q. Had you seen a man named Dario D'Antonio at the banana stall on a couple of days prior to the holdup? A. I refuse to answer." (App. p. 46)

   "Q. Now, prior to this bank robbery—I am referring to the bank robbery which occurred on February 15, 1956—did Frank Coppola have a conversation with you wherein he stated to you that the robbery of the M & T Bank would be an easy job? A. I refuse to answer that." (App. p. 45)

   "Q. Did you on that occasion try to talk him out of such a plan to rob the bank? A. I refuse to answer that." (App. p. 45)

3. United States v. Farrar, 1 Cir., 38 F. 2d 515, affirmed 281 U.S. 624, 50 S.Ct. 425, 74 L.Ed. 1078; Bratton v. United States, 10 Cir., 73 F.2d 795; Neal v. United States, 8 Cir., 102 F.2d 643.

possibility that the answers might furnish such a link, brings the case, in our opinion, within the principles declared in Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118; Trock v. United States, 351 U.S. 976, 76 S.Ct. 1048, 100 L.Ed. 1493, which reversed this court's decision in 232 F.2d 839, and United States v. Miranti and Bando, 2 Cir., 1958, 253 F.2d 135.

Moreover, unless the witness was limited by his counsel's statement to reliance on the misprision statute, we think, as he now argues, that he might reasonably have feared that his answers would furnish links in a chain of evidence which might result in a charge that he was an accessory after the fact, 18 U.S.C.A. § 3, or a principal, 18 U.S.C.A. § 2, or a conspirator, 18 U.S.C.A. § 371, in one or more of the robberies under investigation. Whether he was limited to reliance on fear of misprision we need not decide, since, as already indicated, we believe his claim of privilege on that ground was justifiable.

Judgment reversed.