**UNITED STATES of America, Plaintiff,**

v.

**Patricia Ann SULLIVAN, Defendant.**

**No. 68–CR–56.**

United States District Court
N. D. Oklahoma.

May 13, 1968.

Lawrence A. McSoud, U. S. Atty., Tulsa, Okl., for plaintiff.

Thomas D. Frasier, Tulsa, Okl., for defendant.

**ORDER OVERRULING MOTION TO DISMISS INDICTMENT**

DAUGHERTY, District Judge.

Upon consideration of the Defendant's Motion to Dismiss Indictment, the Court finds that the same should be denied.

The indictment herein involves an alleged offense prohibited by Title 18,

United States Code, § 4.[1] This offense has four essential elements as follows:

(1) That a principal has actually committed a felony cognizable by the courts of the United States,

(2) That the Defendant had knowledge of such fact,

(3) That the Defendant concealed the crime, and,

(4) That the Defendant failed as soon as possible to notify the authorities named of said crime.

An examination of the indictment herein indicates that the same alleges (1) that a Donald Lee Yates committed an offense cognizable by the courts of the United States, (2) that the Defendant had knowledge of the actual commission of said offense by the said Donald Lee Yates, (3) that the Defendant willfully concealed the crime, and (4) that the Defendant did not as soon as possible make known the commission of said crime to the authorities. It thus appears to the Court that the indictment herein contains and alleges all the essential elements of the offense involved.

The Defendant in her Motion under consideration takes the position that the indictment should set out or allege some affirmative act constituting concealment or the third element above discussed. In support of this position the Defendant cites Bratton v. United States, 73 F.2d 795 (Tenth Cir.–1934); Neal v. United States, 102 F.2d 643 (Eighth Cir.–1939), cert. den. 312 U.S. 679, 61 S.Ct. 448, 85 L.Ed. 1118; and Lancey v. United States, 356 F.2d 407 (Ninth Cir.–1966), cert. den. 385 U.S. 922, 87 S.Ct. 234, 17 L.Ed.2d 145.

In Bratton, supra, the Court found the indictment defective because it did not allege both concealment [(3) above], and a failure to disclose [(4) above], but only alleged, did "conceal the commission of said federal offense" from the federal authorities. The Court said, "This alleges, rather ineptly, a failure to disclose and nothing more." This defect is not present in the indictment here. This indictment clearly alleges both concealment and a failure to disclose.

In Neal, supra, the Court pointed out that concealment and failure to disclose are each an essential and separate element of the offense and that proof of both must be made to support a conviction, and then found that the evidence in the case failed to support the allegations of concealment.

In Lancey, supra, the four essential elements are noted and the Court found that the evidence supported concealment in seven instances and the conviction was affirmed.

█ It is true that the evidence must establish an affirmative act of concealment. Mere silence without some affirmative act is insufficient to authorize a conviction for the offense of misprision of a felony. Lancey v. United States, supra. But the requirements of Rule 7(c) Federal Rules Criminal Procedure, Title 18, U.S.C.A. have been met by the indictment herein. All four of the essential elements of the offense involved are alleged in the indictment, not just three as was the case in Bratton, supra. See Mims v. United States, 332 F.2d 944 (Tenth Cir.–1964), cert. den. 379 U.S. 888, 85 S.Ct. 158, 13 L.Ed.2d 92. The offense is alleged in the wording of the statute. Bland v. United States, 299 F.2d 105 (Fifth Cir.–1962). If the Defendant needs the evidentiary details of the concealment allegation to properly prepare her defense, Rule 7(f), Federal Rules of Criminal Procedure, Title 18 U.S.C.A. is available to her.

The Defendant's motion to dismiss the indictment is denied.

---

1. Title 18, U.S.C.A. § 4:

"Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both."