344 So.2d 961 (1977)
STATE of Louisiana
v.
Roy JACKSON.
No. 58612.
Supreme Court of Louisiana.
April 11, 1977.
*962 John B. Whitaker, Makar & Whitaker, Natchitoches, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., Eric R. Harrington, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Roy Jackson with being an accessory after the fact to a simple burglary, a violation of LSA-R.S. 14:25. After a jury trial, the defendant was found guilty. The court sentenced him to two years imprisonment. He appeals his conviction and sentence, relying upon a single assignment of error: that there was no evidence he harbored, concealed, or aided the offenders, an essential element of the offense.
The undisputed facts are as follows:
Just before midnight on September 22, 1974, Jackson approached three acquaintances standing in front of Alfred Coutee's Place, a bar and pool hall located in Natchitoches on Pavie Street. Upon Jackson's approach, the three men ran around the side of the establishment, which was closed for the night. Jackson pursued them and asked what they were doing. They told him that they were planning to break into the building and take the money from the coin boxes on the pool tables. After learning their plans, Jackson departed.
The next day, Jackson returned to Pavie Street where he learned that Alfred Coutee's Place, as well as three other nearby establishments, had been burglarized during the night. Later that day, Jackson encountered the same three men, took them aside, and told them that he knew that they had burglarized the four establishments. They agreed that if Jackson would not report them, he would be given a "cut of the money." The burglars then gave defendant $87.00 in quarters and seven packages of cigarettes. For his own use, Jackson later exchanged the quarters for bills at several business establishments.
After Jackson's arrest, he gave two voluntary statements detailing the above facts. At trial, he confirmed these statements.
Defendant asserts that there is no evidence supporting the essential elements of an accessory-after-the-fact conviction. Defendant raised this issue twice by a motion for a directed verdict: once after the State's opening statement and then at the close of the State's evidence. The trial court denied the motions for a directed verdict.
The 1975 amendment to Louisiana Code of Criminal Procedure Article 778 deprives the trial judge of the right to direct a verdict of acquittal in jury cases. In State v. Marmillion, La., 339 So.2d 788 (La. 1976), we specifically held this amendment procedural in nature and applicable to trials held after its effective date. Since the present trial occurred after the effective date of the amendment, the court correctly denied defendant's motion for a directed verdict.
The defendant raised the issue for the third time in a "motion for a judgment non obstante veredicto," that is, a motion for an acquittal notwithstanding the jury verdict. The Louisiana Code of Criminal Procedure contains no provision for such a motion, though it is commonly used in the United States district courts. See Federal Rules of Civil Procedure 50. We know of no compelling reason, however, why the motion should not be treated as a motion for a new trial. A motion for a new trial is the proper procedural vehicle for asserting a complete lack of evidence of the essential elements of a crime. See State v. Celestine, La., 320 So.2d 161 (1975).
LSA-R.S. 14:25 defines an accessory after the fact as follows:
"An accessory after the fact is any person who, after the commission of a felony, shall harbor, conceal, or aid the offender, knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment."
*963 The Reporter's comment following that article states:
"Generally speaking, virtually any sort of aid given to a fugitive felon, to hinder his being arrested, tried or punished, will make the person assisting an accessory after the factas furnishing a car, food, shelter or money to help him escape or elude the lawful authorities, or using force or threats to rescue or protect him."
Under its terms, the article requires evidence that the defendant harbored, concealed, or aided the felon personally with the specific intent of preventing his apprehension and punishment. The article cannot be extended by analogy to cover other crimes outside its provisions. See LSA-C. Cr.P. Art. 3.
The defendant contends that there was no evidence that he committed an overt act to prevent the felons' arrests, but only evidence that he failed to report a felony. The failure to report a felony, he asserts, falls short of the requirements for an accessory after the fact. In our opinion, this contention has merit.
Under Section 856 of the Louisiana Revised Statutes of 1870, the failure to report a known crime, usually termed misprision, was a criminal offense. In 1942, the Legislature repealed that statute, and no general misprision article was retained in the Louisiana Criminal Code (1942).[1] See Act 43 of 1942; Reporter's Comments, LSA-R.S. 14:131.
As we have noted, the Louisiana Criminal Code did retain an article, LSA-R.S. 14:25, relating to accessories after the fact. The code also contains two other articles germane to the present case: LSA-R.S. 14:131 (compounding a felony) and LSA-R.S. 14:69 (receiving stolen things).
LSA-R.S. 14:131 provides in pertinent part:
"Compounding a felony is the accepting of anything of apparent present or prospective value which belongs to another, or of any promise thereof, by a person having knowledge of the commission of a felony, upon an agreement, express or implied, to conceal such offense, or not to prosecute the same, or not to reveal or give evidence thereof."
LSA-R.S. 14:69 provides in pertinent part:
"Receiving stolen things is the intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses."
The defendant's conduct in the present case falls at the confluence of the articles defining accessory after the fact, compounding a felony, and receiving stolen things. However, since defendant was charged only with being an accessory after the fact to a simple burglary, the conviction can be sustained only if all the elements of that offense are present.
In State v. Graham, 190 La. 669, 182 So. 711 (1938), in dicta, this Court stated that "misprision of a felony is almost if not identically the same offense as that of an accessory after the fact." Although the similarity was strongly expressed, the statement leaves room for the well-accepted technical distinctions that are apparent in the present case.
It is well established that the mere failure to report a known crime to law enforcement authorities does not render one an accessory after the fact. Maddox v. Commonwealth, Ky., 349 S.W.2d 686 (1960); McClain v. State, 10 Md.App. 106, 268 A.2d 572 (1970); Levering v. Commonwealth, 132 Ky. 666, 117 S.W. 253 (1909); 22 C.J.S. Criminal Law § 99d., p. 278; W. LaFavre and A. Scott, Criminal Law, § 66, p. 523 (1972); R. Perkins, Criminal Law, § 8(4), pp. 667-668 (2d ed. 1969).
*964 Here, however, the legal issue is complicated by the added circumstance that the defendant accepted remuneration for his non-disclosure. The remuneration was in the form of money and cigarettes taken in the burglaries.
Unquestionably, taking something of value for an agreement not to reveal the felony compounded the felony. Under the circumstances, defendant also received stolen property.
Although punishable as such, compounding a felony under these circumstances does not render one an accessory after the fact. The gist of the offense is receiving compensation for an agreement not to reveal the felony. No aid is given to the fugitive felon personally to prevent his arrest, an essential of the crime charged here. Chenault v. State, Tex., 46 Tex.Cr. 351, 81 S.W. 971 (1904); 22 C.J.S. Criminal Law, § 99f p. 279; W. Clark and W. Marshall, A Treatise on the Law of Crimes, § 8.07, p. 528 (7th ed. 1967); R. Perkins, Criminal Law, § 8, p. 668 (2d ed. 1969).
In Chenault v. State, supra, the Texas Court stated:
"Nor does the fact that one agrees for money not to give evidence against a felon, or knows of the felony and does not disclose it, make the party an accessory after the fact."
It is equally well established that receiving stolen property does not render one an accessory after the fact. In such a case, the offender receives the stolen property but does not harbor, conceal, or help the felon personally. State v. Sims, 99 Ariz. 302, 409 P.2d 17, cert. denied, 384 U.S. 980, 86 S.Ct. 1880, 16 L.Ed.2d 691 (1966); Smith v. State, Ind., 229 Ind. 546, 99 N.E.2d 417 (1951); 22 C.J.S. Criminal Law § 99h, p. 279; W. Clark and W. Marshall, A Treatise on the Law of Crimes, § 8.07, p. 526 (7th ed. 1967); W. LaFavre and A. Scott, Criminal Law, § 66, p. 523 (1972).
We conclude that there is no evidence of the crime charged. Hence, we must reverse the conviction and grant a new trial.
For the reasons assigned, the conviction and sentence are reversed and set aside, and the case is remanded to the district court for a new trial.
NOTES
[1] The Louisiana Criminal Code did retain a special article on misprision of treason. See LSA-R.S. 14:114.