Johnson, Chief Justice,
dissents and assigns reasons.
Ill respectfully dissent because I agree with the court of appeal that the evidence was insufficient to prove defendant’s guilt as a principal to kidnapping.
Simple kidnapping is defined, in pertinent part, as the intentional and forcible seizing and carrying of any person from one place to another without her consent. R.S. 14:45(A)(1). Viewing the evidence in the light most favorable to the prosecution, see Jackson v. Virginia,[1] it shows only that defendant was present when the victim was kidnapped and that he failed to stop others committing the offense or report it to authorities, which omissions are not crimes.[2] There is no evidence that defendant forcibly seized the victim or took her anyplace against her will—indeed there was no evidence concerning how she came to ultimately be in the same vehicle with defendant and the others, much less proof that she was there unwillingly. There is also not enough evidence from which to rationally conclude |2that defendant aided or abetted in her subsequent forcible departure in another vehicle, as was required to establish his guilt as a principal.[3] Importantly, an individual’s mere presence during a crime does not make him guilty as a principal; rather, the evidence must show that he stood by ready and willing to help the perpetrators.[4]
In sum, even if the evidence supports a rational finding that defendant knew before the kidnapping that co-defendant Bentley was searching for the victim and *1140 that Bentley had threatened to harm her, it was inadequate to show that defendant also knew that Bentley intended to kidnap her, let alone that defendant stood by willing and ready to help him do so.[5] This Court has made clear that “[i]t is not enough to find merely that [the accused’s] coconspirator or accomplice had the necessary mental state, since this intent cannot be inferred to the accused. It must be shown that this accused also had the specific intent [required for the offense].” State v. Holmes, 388 So.2d 722, 726 (La. 1980) (emphasis added).
Accordingly, I find that the state failed to prove that defendant possessed the requisite intent for conviction as a principal to the kidnapping and I therefore would have let stand the court of appeal’s ruling vacating his conviction.

. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

. As the court of appeal observed, "... while misprision may be unsavory, it ceased to be a crime in Louisiana after 1942.” State v. McGhee, 15-0285 (La. App. 3 Cir. 11/4/15), 179 So.3d 739, 747 (citing State v. Jackson, 344 So.2d 961 (La. 1977), disavowed on other grounds by State v. Chism, 436 So.2d 464 (La. 1983)). In my view, this case presents a textbook example of a prosecutorial effort to prove guilt by mere association.

. All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. R.S. 14:24.

. Cf. State v. Anderson, 97-1301, p. 3 (La. 2/6/98), 707 So.2d 1223, 1225 (quoting 2 W. LaFave, A. Scott, Substantive Criminal Law, § 6.7, p. 138 (West 1996) ("It is sufficient encouragement that the accomplice is standing by at the scene of the crime ready to give some aid if needed, although in such a case it is necessary that the principal actually be aware of the accomplice’s intention.”) (emphasis added).

. See, e.g., State v. Knowles, 392 So.2d 651, 657 (La. 1980) ("Although the definitions of principals and conspirators are not perfectly synonymous, the imposition of criminal liability upon one who aids and abets in a crime is founded upon the same principle that makes a conspirator culpable for the acts of a cocon-spirator. .,. Both of these inchoate offenses are directed at persons who knowingly participate in the planning or execution of a crime,”) (internal citation omitted); see also State v. Pierre, 93-0893 (La. 2/3/94), 631 So.2d 427, 428 ("Mere presence at the scene is ... not enough to 'concern' an individual in the crime.”).